The Louisville, New Albany and Chicago Railway Company v. Corps.

No. 14,457.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY
COMPANY v. CORPS.

MASTER AND SERVANT.—*Assumption of Risk.* — *Pleading.* — An employee can not recover from the employer for an injury produced by some cause incident to the nature of his services, and the master is not responsible for the known risks incident to the service in which the servant engages. In such a case, in order to make a good complaint, it must be averred that the plaintiff had no knowledge of the danger. An allegation that the plaintiff was free from fault does not take the place of averments showing that the risk was not one knowingly assumed as an incident of his service.

PLEADING.—*Paragraph of Complaint.*—*Questioning of by Assignment of Error.*— An attack upon one of several paragraphs of a complaint made for the first time in the assignment of errors will be unavailing, even though the paragraph assailed may be radically defective.

From the Clark Circuit Court.

*G. W. Friedley, J. K. Marsh* and *W. H. Watson,* for appellant.
*M. Z. Stannard* and *F. B. Burke,* for appellee.

ELLIOTT, J.—It has been often ruled by this court that an attack upon one of several paragraphs of a complaint made for the first time in the assignment of errors will be unavailing, even though the paragraph assailed may be radically defective. This settled doctrine renders it unnecessary for us to consider the objection urged against the first paragraph of the appellee's complaint.

The second paragraph of the complaint was assailed by demurrer in the court below, and we are required to give judgment upon it. The paragraph named alleges that the plaintiff was in the service of the defendant as a laborer in its repair shops at New Albany; that the defendant negligently employed an inexperienced, unskilful and incompetent person to superintend and direct the work in its shop, and the work upon which the plaintiff was engaged at the time of his injury; that the work which the plaintiff was then performing was that of moving the large driving wheels of one of the defendant's locomotives; that the defendant

negligently failed to provide a sufficient number of men competent to do the work of moving such wheels; that the defendant negligently failed to furnish sufficient machinery for such work, in that it failed to furnish blocks to hold such wheels; that, by reason of the careless and negligent acts of the defendant, a pair of driving wheels of one of its locomotives ran upon the plaintiff's hand and arm and so injured them as to deprive the plaintiff of their use; that the driving wheels ran upon the plaintiff without fault on his part, and the injury to him could not have been avoided by the exercise of care or prudence on his part.

It is settled law that an employer must use reasonable care to provide his employees with safe working places and appliances. It is also settled that the employer must use reasonable care to select competent and skilful persons for service. *Indiana Car Co.* v. *Parker*, 100 Ind. 181; *Cincinnati, etc., R. W. Co.* v. *Lang*, 118 Ind. 579; *Taylor* v. *Evansville, etc., R. R. Co.*, 121 Ind. 124; *Lake Shore, etc., R. W. Co.* v. *Stupak*, 123 Ind. 210; *Pennsylvania Co.* v. *O'Shaughnessy*, 122 Ind. 588. But it is quite as well settled that an employee can not recover from the employer for an injury produced by some cause incident to the nature of his services, and that the master is not responsible for the known risks incident to the service in which the servant engages. For anything that appears in the complaint the peril was a known incident of service and was one assumed by the plaintiff, and if it was there can be no recovery. *Indianapolis, etc., R. W. Co.* v. *Watson*, 114 Ind. 20; *Pennsylvania Co.* v. *O'Shaughnessy, supra*, and cases cited. In order to make a good complaint, in such cases as this, it is essential that it should be averred that the plaintiff had no knowledge of the danger, since if he did have knowledge and voluntarily continued in the master's service, he is deemed to have assumed the risk as an incident of his service. *Louisville, etc., R. W. Co.* v. *Sandford*, 117 Ind. 265; *Brazil Block Coal Co.* v. *Young*, 117 Ind. 520; *Lake*

*Shore, etc., R. W. Co.* v. *Stupak,* 108 Ind. 1 ; *Indiana, etc., R. W. Co.* v. *Dailey,* 110 Ind. 75 ; *Philadelphia, etc., R. R. Co.* v. *Hughes,* 119 Pa. St. 301; *Wilson* v. *Winona, etc., R. R. Co.,* 37 Minn. 326 ; *Gaffney* v. *New York, etc., R. R. Co.,* 15 R. I. 456. Remaining in the master's service with knowledge of the dangers of the service is not simply contributory negligence, for, as Mr. Beach says : "He [the servant] is deemed to assume the risks of such danger, and to waive any claim upon his master for damages in case of injury." Beach Cont. Neg., section 140. There is in such a case no right of recovery, for the employer is absolved from liability. It is, therefore, a necessary conclusion, as shown by the authorities to which we have referred, that the allegation that the plaintiff was free from fault does not supply the place of averments showing that the risk was not one knowingly assumed as an incident of his service. It may be true that an employee exercises the utmost care, and yet be true that the risk assumed was an incident of the service in which he engaged.

We are here dealing with a question of pleading, and not of evidence. There is, as is well known, an essential difference between matters of pleading and matters of evidence ; in pleading, facts must be directly and positively averred, while as matter of evidence conclusions may be inferred, without positive statements, from facts and circumstances. In pleading, it is incumbent upon the plaintiff to state all the facts essential to a cause of action, and if any material fact is lacking the complaint will go down before a demurrer. A material fact is here absent, and that is the fact that the danger was not an incident of the service in which the plaintiff voluntarily engaged. This fact must be averred, as the rules of pleading require, although if the question were one of evidence it might be inferred.

Judgment reversed.

Filed June 20, 1890.