O'Neal *v.* The Chicago and Indiana Coal Railway Company.

No. 15,476.

O'NEAL *v.* THE CHICAGO AND INDIANA COAL RAILWAY COMPANY.

SPECIAL VERDICT.—*Defects in Can Not be Supplied by Intendment.*—In an action where the jury returned a special verdict, and the defendant moved for a judgment in his favor on the finding, and the motion was sustained and judgment rendered accordingly, the plaintiff on appeal must fail, unless the facts set out in the special verdict support the material allegations of the complaint. Defects in special verdicts can not be supplied by intendment.

RAILROAD.—*Risks Assumed by Employees.*—*Contributory Negligence.*—*Duty of Employer.*—When a person enters into the employment of a railroad company, the employer is under no obligation to examine the employee as to his experience or fitness, unless said applicant be a child, and said employee assumes the risk of such perils as are incident to the same, and must exercise care proportionate to the danger of the service. The employee will be held to have knowledge of what is open and obvious, and to recover damages for an injury sustained he must be free from contributory negligence.

MASTER AND SERVANT.—*Duty of Employer.*—It is the duty of an employer to provide a safe working place and appliances for his employee, but he is not an insurer.

From the Clay Circuit Court.

*M. A. Moon, G. C. Moon* and *J. F. McNutt,* for appellant.
*S. H. Spooner, W. L. Layford* and *G. A. Knight* for appellee.

ELLIOTT, J.—The appellee moved for and was awarded a judgment upon the special verdict, and the question for decision is, whether the court did right in sustaining the motion. This question must be decided upon the facts stated in the verdict, excluding mere matters of evidence and conclusions. It is also to be borne in mind that, as the appellant had the burden of proof, the facts stated in the verdict must show a cause of action or this appeal can not be sustained, for it is well settled that defects in special verdicts can not be supplied by intendment, and that a party who has

the burden can not succeed where the facts found do not support all the material averments of his complaint. See authorities cited in Elliott's App. Proc., section 753, notes 1, 2 and 3.

The material facts contained in the special verdict may be thus summarized: The appellant sought and obtained employment in the service of the appellee as a brakeman on one of its trains. At the time of entering the appellee's service he was twenty years and four months of age. He made no representation as to his age, and the appellee made no inquiry as to his age or experience, but was informed by the appellant that "he could set brakes and knew the signals." The appellee "had no knowledge whatever of the plaintiff's inexperience or incapacity to understand the duties of a brakeman at the time he was employed as such. The plaintiff told the defendant's yardmaster, Wright, by whom he was employed, that he understood the signals and knew how to set brakes." The plaintiff, "in so far as the agents or employees of the defendant could observe, appeared to be skillful and to understand and discharge his duties as such brakeman." On the 27th day of September, 1887, the train on which the appellant was engaged in performing the duties of a brakeman, was going north in charge of a competent and experienced conductor, engineer, fireman and brakeman. At a point near the town of Oxford, it became necessary for the train to back upon a side-track to permit a south-bound train to pass. The duty of the plaintiff at that time required him to be in the rear car of the train at the brake, which is located about the center of the car, a distance of about fourteen feet from the rear door. The plaintiff knew the location of the brake and the doors of the car. At the time he was injured, he was standing at the brake "trimming his lamp preparatory to the further discharge of his duties on the train." He was thrown from the "car by the jerking and lurching motion of the train while it was running backward upon the side-track, which motion was caused

by the unevenness and roughness of the track." The plaintiff had made three or four trips over the road prior to his injury. The side-track was at the time of the accident " new, unfinished and uneven," the cross-ties were laid upon a fill, the earth grade of which was newly thrown up. The rails were spiked to the cross-ties. The spaces between the ties were not filled, and no provision was made to hold the ties in place. The plaintiff passed the side-track in daylight the day preceding that on which he was injured, " and occupied such a position on the train as to be in full view of the side-track, and could have seen it by looking, for its condition was open and obvious."

It is evident from the facts stated in the special verdict that the cause of the appellant being thrown from the car was the motion of the car, and that this motion was due to the condition of the side-track. The statements in the verdict concerning the construction of the car, the lack of steps, and the insufficiency of the brakes, are, therefore, of no importance. The proximate cause of the misfortune was the condition of the side track, for there is nothing from which it can be inferred that the accident was owing to the construction of the car or to any defect in its appliances.

It is firmly settled in this State that the plaintiff in such a case as this must affirmatively show that he was free from contributory negligence. We can find no direct facts showing that the appellant exercised ordinary care. He was bound to exercise care proportionate to the dangers of his service. He was bound to know what was open and obvious, and, as it is expressly and directly stated as a fact that the condition of the side-track was " open and obvious," we must presume that he had notice. Having this notice, he was bound to exercise care to avoid being thrown from the car by the " jerking and lurching motion," caused by the uneven and insecurely fastened track. We do not think it can be inferred from the fact that he was standing on the top of the car near the brake trimming his lamp, that he was

free from contributory negligence. We are, indeed, strongly inclined to think that the inference is that he did not exercise such care as the situation and surroundings required of him.

It is the duty of the employer to use ordinary care to provide a safe working place and appliances for his employees, but he is not an insurer. *Indiana Car Co.* v. *Parker,* 100 Ind.181 ; *Cincinnati, etc., R. W. Co.* v. *Roesch,* 126 Ind. 445. While it is the duty of the employer to exercise care to protect those in his service, still, there are perils incident to the service of which the employee assumes the risk. *Rogers* v. *Leyden,* 127 Ind. 50, and cases cited ; *Jenny, etc., Co.* v. *Murphy,* 115 Ind. 566 ; *Louisville, etc., R. W. Co.* v. *Buck,* 116 Ind. 566.

As we have said, in considering another branch of the case, it is the duty of the employees to use reasonable care to ascertain the ordinary perils of the service which they voluntarily enter, and they are presumed to take service with knowledge of such perils as are open and obvious. *Cincinnati, etc., R. R. Co.* v. *McMullen,* 117 Ind. 439 ; *Louisville, etc., R. W. Co.* v. *Buck, supra ; Umback* v. *Lake Shore, etc., R. R. Co.,* 83 Ind. 191 ; *Pittsburgh, etc., R. W. Co.* v. *Adams,* 105 Ind. 151 ; *Louisville, etc., R. W. Co.* v. *Corps,* 124 Ind. 427, and cases cited ; *Vincennes Water Supply Co.* v. *White,* 124 Ind. 376.

The facts stated in the special verdict require the conclusion that the peril from the uneven track was one incident to the service in which the appellant sought and obtained employment, inasmuch as the condition of the track was fully open to his notice.

We can not say that the facts stated show any negligent breach of the duty owing by the employer to the employee. There is no fact from which it can be inferred that the employer had not done all that the time and circumstances allowed to make the side-track safe. For anything that ap-

pears in the special verdict, the appellee may have exercised reasonable care and diligence in laying the side-track, for it appears to have been a new track at the time of the appellant's injury.

The appellee was under no obligation to examine the appellant as to his experience for the place he sought and obtained. *Pittsburgh, etc., R. W. Co.* v. *Adams, supra.* The appellant was not a child of tender age, and hence not within the rule that children must be warned of the dangers of the service into which they are taken, and properly instructed as to the duties required of them.

Whatever view may be taken of the facts stated by the jury, it is clear that the conclusion reached by the trial court was right.

Judgment affirmed.

COFFEY, J., did not take part in the decision of this case.
Filed June 14, 1892.