Ames, Admr., *v.* The Lake Shore and Michigan Southern Ry. Co.

ejectment lie as to that part of the eighty acre tract outside the bounds of the twenty-foot square; for as to that part of the land, appellee has only the right to the gas under the surface which may be drawn to the wells sunk within the square. *Funk* v. *Haldeman,* 53 Pa. St. 229; *Allison & Evans' Appeal,* 77 Pa. St., 221; 1 High Injunctions, section 697.

Whatever might be the rights of the grantors in the contract set out in the complaint, it is clear that appellant had no right to do the acts complained of, and that the appellee was entitled to the injunction granted.

The judgment is affirmed.

Filed Nov. 24, 1893.

---

No. 16,389.

## Ames, Administrator, *v.* The Lake Shore and Michigan Southern Railway Company.

Employer and Employe.—*Defective Appliance.—Personal Injury.— Knowledge of Defect by Employe, or Equal Opportunity of Knowledge. —Sufficiency of Complaint.*—When an employe is injured by defective appliances in the line of his duty, and the employe knew of such defect, or had equal opportunity with his employer to know thereof, damages can not be recovered for injuries resulting therefrom. And where the complaint, in such an action, fails to show a want of knowledge of such defect on the part of the employe, or where the complaint shows, upon its face, that the employe had equal opportunity with his employer to know of such defect, he will be presumed to have assumed the risk, and can not recover.

From the Elkhart Circuit Court.

*H. D. Wilson, W. J. Davis* and *H. C. Wilson,* for appellant.

*F. E. Baker, C. W. Miller* and *J. H. Baker,* for appellee.

Ames, Admr., *v.* The Lake Shore and Michigan Southern Ry. Co.

HACKNEY, J.—This action was by the appellant for damages on account of the death of Findley B. Deuel, an employe of the appellee.

The complaint was in two paragraphs, to each of which the lower court sustained a demurrer, and their sufficiency is the only question made by the record.

The cause of action stated in the first paragraph is that Deuel, for the two years prior to August 30, 1890, was employed by the appellee as a brakeman, manager and conductor of its switch engine in the city of Elkhart; that in said city, the company maintained an adjustable or sliding rail, to line with either of the two opposite abutting rails, commonly called a stub switch; that·in transferring cars from one track to another, by the use of said switch, there was made an opening between said abutting rails, in the line of the track, three and one-half inches wide by ten inches long; that the opening became a place of great danger to persons coupling or uncoupling cars at the location of said switch, owing to the fact that if the foot were thrust into said opening, it could not be extricated without withdrawing it from the end at which it had entered; that it was the duty of the company to put a block or other substance into said opening to avoid said danger, which duty was usually performed, as said Deuel knew; that for thirty days prior to August 30th, said opening had not been blocked, of which fact the company was fully aware during said time, and on the night of that day said Deuel, in the discharge of his duty, was walking with one foot inside the rail of the track and the other on the outside, approaching said switch, for the purpose of uncoupling cars; that to so walk was necessary to enable him to reach the coupling-pin, and withdraw the same; that while so walking, his foot caught in said opening, and

he was unable to withdraw it, but was held until the moving train had run over and killed him.

It is alleged that Deuel was free from negligence, and that he "*did not then know the switch was not blocked.*"

The second paragraph differs from the first only in alleging that the switch had not been blocked for five days, and that Deuel was in the act of coupling instead of uncoupling cars.

The sufficiency of the paragraphs is attacked upon the theory that the specific allegations, contrary to the general allegation, show that Deuel knew of the absence of the block from the switch, and that, with such knowledge, he was negligent in attempting the performance of the duty alleged.

We do not view the question involved as one of contributory negligence, but as one involving the assumption of the risk as one of the hazards of the service.

The distinction is clearly made in *Louisville, etc., R. W. Co.* v. *Corps*, 124 Ind. 427, and was emphasized in *Evansville, etc., R. R. Co.* v. *Duel*, 134 Ind. 156; 33 N. E. Rep. 355.

In actions of this character, therefore, it is necessary, not only to allege freedom from contributory negligence, but to allege such facts as show that the injury was not the result of some hazard of the service assumed by the servant.

This requirement is usually met by an allegation that the defect or want of skill complained of was unknown to the person injured. The attempted compliance with this requirement in the case in hand was by alleging that the deceased did not know of the absence of the block at the time he went upon the track.

The sufficiency of this allegation must be considered in the light of Deuel's employment. He was conductor and manager of a switch engine, and engaged for two

years in the use of the switches and tracks of the appellee in the city of Elkhart. In this service he passed over the switches constantly and had opportunities equal to those of the company of knowing of the absence of the block, regardless of the duration of its absence.

As we have said, the burden was with the plaintiff to show that his decedent had not assumed the risk incident to the absence of the block, and, in our opinion, he could not discharge that burden by an allegation which, in effect, was that on the night of the death Deuel did not know that the company had failed to replace the block. Under this allegation it could not be presumed that Deuel did not know of the absence of the block all of the time, up to the hour of his death.

If he had such knowledge, or if, from his service, he had opportunities, equal to those of the company, to know of the absence of the block, he must be held to have assumed the risk incident to the use of the switch without such block.

In Wharton on Negligence, section 214, the rule is stated as follows: "When an employe, after having the opportunity of becoming acquainted with the risks of his situation, accepts them, he can not recover for injuries thereby received.

To the same effect are *Umback* v. *Lake Shore, etc., R. W. Co.*, 83 Ind. 191; *Indianapolis, etc., R. W. Co.* v. *Watson*, 114 Ind. 20; *Louisville, etc., R. W. Co.* v. *Sandford, Admx.*, 117 Ind. 265; *Rietman* v. *Stolte*, 120 Ind. 314; *Pennsylvania Co.* v. *O'Shaughnessy, Admr.*, 122 Ind. 588; *Vincennes Water Supply Co.* v. *White*, 124 Ind. 376; *Rogers* v. *Leyden*, 127 Ind. 50; *Brazil Block Coal Co.* v. *Hoodlet*, 129 Ind. 327; *Evansville, etc., R. R. Co.* v. *Duel, supra*.

As said in *Indianapolis, etc., R. W. Co.* v. *Watson, supra*: "The employe has a right, until he acquires

knowledge of danger, * * to act upon the assumption that his employer will use ordinary care to provide safe appliances; but when he becomes fully informed of the danger, he can no longer act upon this assumption. Knowledge on his part puts an end to his right to assume that the master has done his duty.''

So, in the case before us, if the employe knew, or had reasonable opportunities to know, of the omission of the master's duty, he had no right to assume that the duty had been performed, and to trust his life upon the absence of knowledge that the master's duty had been performed. He was obliged to act with care and prudence in applying the two years of experience in the duties in which he was employed. If he had had knowledge of the absence of the block, he was bound to apply that knowledge. If he had opportunities equal to those of his employer for gaining such knowledge, he will be presumed to have known, and will be held to have assumed the risks flowing from the absence of such block.

The complaint, for the reasons we have given, was insufficient, and the judgment is affirmed.

