The Pennsylvania Co. *v.* Finney, Administrator.

---

THE PENNSYLVANIA CO. *v.* FINNEY, ADMINISTRATOR.

[No. 16,361. Filed Jan. 29, 1896. Rehearing denied June 17, 1896.]

MASTER AND SERVANT.—*Contributory Negligence.*—A railroad brakeman is guilty of contributory negligence in descending a ladder at the side of a car, for his own purposes, with his face toward the car, without looking for a water plug or crane standing so near the car

as to be dangerous; which was open and obvious to all, and which he had passed almost daily for six months preceding the accident.

SAME.—*Contributory Negligence.—Burden of Proof.*—Plaintiff, in an action for the death of an employe, must affirmatively show by the evidence, not only negligence on the part of the master, but freedom therefrom on the part of the servant; and when the evidence in the record fails to prove this fact the judgment upon appeal to this court must be reversed.

From the Allen Superior Court.   *Reversed.*

*Allen Zollars,* for appellant.

*L. M.* and *H. W. Ninde,* for appellee.

JORDAN, J.—The appellee, as the administrator of Patrick J. Finney, sued to recover damages growing out of the death of his decedent, through the alleged negligence of the appellant. The complaint, among other things, avers that the appellant is a corporation and operates a railroad running from Pittsburgh to Chicago through Columbia City and Fort Wayne, Indiana; "that on the 5th day of April, 1890, at and near the defendant's station at Columbia City, the defendant carelessly and negligently maintained a water plug so near its track that a brakeman, standing upon, and climbing up, on the side of cars, would come in contact with said water plug and strike against the same; that the defendant, knowing said water plug to be dangerous to its servants in working upon and climbing over its cars in passing said water plug, unlawfully and negligently, on said day, carelessly maintained said water plug in said dangerous position, and ordered and directed said Patrick J. Finney to go upon its freight train on said day, and work upon and brake upon the same, and did negligently direct the said Patrick J. Finney, who was then and there in the employ of the defendant as its brakeman on said train, to climb up and over and go upon the said train while passing by said water plug; that,

The Pennsylvania Co. *v.* Finney, Administrator.

in the careful, skillful discharge of his said duties as such employe, and to carefully and skillfully do his work and discharge his duties as such brakeman, he did, on said day, carefully, faithfully, and skillfully, and in obedience to defendant's orders, go upon said train and climb up and upon the side of said train in the faithful discharge of his duties as brakeman on said train, as the same passed said water plug, and, without any fault or negligence whatever on his part, his head, body, legs, and arms came in contact with and struck against said water plug, and the pipe, braces, and supports thereto attached, which then and there, crushed and mangled his arms, legs, body, and head and stunned and disabled him so that by reason thereof he was thrown to the ground upon the track of said railroad and between the cars in said train, and was run over by said train, and soon thereafter died from said injuries."

It is also alleged that the deceased, "did not know, nor remember, nor had he any reasonable opportunity of knowing or remembering, that said water plug and its pipes, braces, and supports thereto attached, were so near to the tracks of said railroad as to strike him while he was discharging his duty on said train, and because his mind was so absorbed in the discharge of his duties he did not, nor could not, know, or remember, that he was passing said plug, or that the same would strike him before he could climb up to and get upon the top of the train."

To this complaint the appellant filed an answer in denial, and a trial resulted, in the jury returning a general verdict for $5,000.00, with answers to interrogatories. Over appellant's motion for a new trial, which assigned, among other reasons, that the verdict was not supported by sufficient evidence, and that the

same was contrary to law, judgment was rendered upon the verdict.

It is strenuously insisted by appellant's learned counsel, that the verdict of the jury is not supported by the evidence, and that the appellee has wholly failed thereunder to sustain his alleged cause of action.

The material facts in the case, established by the evidence, as favorably to the appellee as he can insist, and in part found by the jury in answers to interrogatories, may be summarized as follows: Appellee's decedent was employed and entered the services of appellant in September, 1889, as brakeman on its freight trains running over its road. At the time of his employment he was twenty-two years of age, and continued in the service of appellant until April 5, 1890, the date of his death. The railroad company, at and before the time of the employment of the deceased, maintained water plugs, or water cranes, on its line of railway for the purpose of supplying its trains with water, one of which was erected and maintained by it at Columbia City, Indiana, which is a station on its line of railway. This latter crane was about seventeen or eighteen feet high, and was obvious to persons and was in plain view for a distance of one-half mile, to all persons operating the train upon which the decedent was braking at the time of the accident. Said plug stood about four feet and three and a half inches from the railroad track, the upper part leaning about eight inches towards the track, or, in other words, deviating about that much from the plumb line. The deceased had passed this plug and had an opportunity of seeing the same almost daily in daylight each month for a period of five or six months immediately prior to his death. It was his duty as a brakeman, it appears, when his train was passing a

station, to go to the top of a car and there remain until the station was passed, when he was then privileged, if he so desired, to descend and go into the caboose attached to the train.   On the forenoon of April 5, 1890, about 11 o'clock, the deceased was on top of the train, on which he was braking, in the discharge of his duty; as it was passing the station of Columbia City, said train at the time running at the rate of about fifteen miles an hour, and when it was passing the yards of the appellant at this station, he, having discharged his duty, and being at liberty to descend and go into the caboose, and desiring so to do, when the train was about two hundred feet west of the water crane, walked over the train to the rear end of the car with his back to the plug, and proceeded to climb down the car ladder, and while thus descending he came in collision with some part of the crane in question, and was thereby knocked off and thrown under the cars and killed.   In going to the ladder to climb down, he had his back to the crane, but had he been facing the same, he would have seen it.   He did not look for it at the time of the accident, or make use of any effort to ascertain its presence.   By looking, he could have seen the water plug with which he collided, and in climbing down from the car at the time, he did so at his volition and not by or in pursuance of any direction or order of appellant.

Considered in the light of the law, which must control the case at bar, we are of the opinion, under the facts, that the jury was not authorized in finding a verdict in favor of the appellee.   Assuming, without deciding, that the appellant was chargeable with actionable negligence in maintaining the water crane in the manner and in the condition shown, still, there is an absence of evidence showing freedom from contributory negligence upon the part of the deceased in

the matter of which appellee complains. The rule is settled that the plaintiff in such a case as this, must affirmatively show by the evidence, not only negligence upon the part of the master, but freedom therefrom upon the part of the servant. The freedom from fault or negligence upon the part of the latter being, under the law, an essential element in the cause, which must be found to exist in order to warrant a recovery, a failure to establish the same, results in defeating the action, and when the evidence in the record fails to prove this material fact, the judgment upon appeal to this court must necessarily be reversed. *Lake Erie, etc., R. R. Co.* v. *Stick,* 143 Ind. 449, and authorities there cited; *O'Neal* v. *Chicago, etc., R. W. Co.,* 132 Ind. 110; *City of Bedford* v. *Neal,* 143 Ind. 425; *Cincinnati, etc., R. W. Co.* v. *Duncan, Admr.,* 143 Ind. 524.

The deceased had been in the employ of the appellant for a period of six months, immediately preceding his death, during which time he had passed over the road, on his train, and passed the water plug in controversy, repeatedly, in daylight, each month. He thereby had the opportunity of seeing the crane and apprising himself of its close proximity to the track; and any danger that might result therefrom by reason of this fact, in descending by the car ladder from the train when it was passing the plug.

The latter was open and "obvious" to all, and from its height could be plainly seen for a distance of a half mile by all persons operating the train upon which the deceased was employed as brakeman on the day of the fatal occurrence. On that day, it appears that when approaching the station of Columbia City, he, in the discharge of his duty, went upon the top of the cars, and there remained until the train, which at the time was running at the rate of about fifteen miles per

hour, had almost passed said station, and then, when his train was at a point about two hundred feet west of the water plug, he, desiring to descend from the car to the caboose, walked to the rear end of the car with his back towards the crane, almost in its actual presence, and, without direction or orders from appellant, started to descend the ladder on the side of the car, with his face towards the side of the latter, for the purpose of going to the caboose. By looking, he could have seen the crane, but this he neglected to do; nor did he make any effort to ascertain its presence. The decedent at the time was under no compulsion or requirement to make the descent from the car to the caboose. It is not shown that any duty called him to go to the latter, at the time he made the attempt so to do, and the presumption is, that his purpose to go to the caboose, at the time, was for his own comfort. Had he waited but a few moments, before making the effort to descend, the train would have passed the water plug, and all danger from it would have been avoided. It was his duty to observe his surroundings before attempting to go down the ladder, and had he exercised ordinary care and prudence in this respect, it is manifest, we think, from the facts, that the accident would not have occurred. This care, under the circumstances, he was required to exercise, and his failure to do so, under the law, defeats the action. In addition to the cases heretofore cited on this proposition, see *Oleson* v. *Lake Shore, etc., R. W. Co.,* 143 Ind. 405; 32 L. R. A. 149; Wood Master and servant, section 364.

Everything, as it appears, was open and visible to the decedent; he was a man of twenty-two years of age, and had he used his senses and faculties with which it is presumed nature had endowed him, we think, he would have escaped the danger to which, it

is contended, appellant had exposed him. The means which a person has of knowing that under the circumstances he will expose himself to peril, are deemed, in law, to be evidence of knowledge of that fact. *Muldowney* v. *Illinois, etc., R. W. Co.*, 39 Ia. 615; *McKee, Admr.,* v. *Chicago, etc., R. W. Co.* 83 Ia. 616, 13 L. R. A. 817.

In *Brazil Block Coal Co.* v. *Hoodlet,* 129 Ind. 327, this court said: "The law requires that men shall use the senses with which nature has endowed them, and when, without excuse, one fails to do so, and is injured in consequence, he alone must suffer the consequences." See *Salem, etc., Stone Co.* v. *O'Brien,* 12 Ind. App. 217.

In no case will the master be held liable to the servant where the latter brings injury upon himself which he might have avoided by the exercise of reasonable care and prudence. *Pittsburgh, etc., R. W. Co.* v. *Adams,* 105 Ind. 151.

In the case of *O'Neal* v. *Chicago, etc., R. W. Co.,* *supra,* the plaintiff, a servant of the company, claimed to have been injured by being thrown from the car by reason of a defective side track. In considering the question this court said: "It is firmly settled in this State that the plaintiff in such a case as this must affirmatively show that he was free from contributory negligence. We can find no direct facts showing that the appellant exercised ordinary care. He was bound to exercise care proportionate to the danger of his service. *He was bound to know what was open and obvious,* and, as it is expressly and directly stated as a fact that the condition of the side track was '*open and obvious,*' *we must presume that he had notice.* Having this notice, he was bound to exercise care to avoid being thrown from the car by the 'jerking and lurching motion,' caused by the uneven and insecurely fastened track.

We do not think that it can be inferred from the fact that he was standing on the top of the car near the brake trimming his lamp, that he was free from contributory negligence. We are, indeed, strongly inclined to think that the inference is that he did not exercise such care as the situation and surroundings required of him." (The italics are our own.)

In like manner and for the same reason, we may affirm that appellee's decedent did not, under the facts, observe his surroundings or exert the care required of him under the law; and hence, in the eye of the latter, he was chargeable with contributory negligence, and the allegations in the complaint, to this extent at least, are not sustained by the evidence.

It is also averred in the complaint that appellant ordered and directed Finney "to climb up and go upon the train when it was passing the water plug," and that in obedience to such orders he "did climb up and stood upon the side of said train in the faithful discharge of his duties as brakeman." The evidence fails to establish any such a state of facts as these. As we have heretofore stated, the accident occurred as the deceased was attempting to descend to the caboose, upon his own volition, and not under or by any direction of the appellant.

We are unable to discover, in this cause, any evidence in the record from which a reasonable inference can fairly arise, that appellee's decedent was in the exercise of due and ordinary care at the time of the fatal accident.

The jury was not authorized, arbitrarily, without evidence, to infer the absence of contributory negligence upon the part of the deceased servant.

The following additional cases are in line with the reasoning in the case at bar, and lend support to the conclusion reached. *Lovejoy* v. *Boston, etc., R. R. Co.,*

125 Mass. 79; *Gibson* v. *Erie R. W. Co.*, 63 N. Y. 449; *Illick* v. *Flint, etc., R. R. Co.*, 67 Mich. 632; *Ryan* v. *Canada Southern R. R. Co.*, 26 Am. and Eng. R. R. Cases, 344; *Kelly* v. *Baltimore, etc., R. R. Co.*, 11 Atl. Rep. 659; *Sisco* v. *Lehigh, etc., R. W. Co.*, 145 N. Y. 296, 39 N. E. Rep. 958; *Perigo* v. *Chicago, etc., R. R. Co.*, 52 Ia. 276; *Davis* v. *Columbia, etc., R. R. Co.*, 28 Am. and Eng. R. R. Cases, 440; *Austin* v. *Boston, etc., R. R. Co.*, 164 Mass. 282, 41 N. E. Rep. 288; *Goldthwait* v. *Haverhill, etc., St. R. W. Co.*, 160 Mass. 554, 36 N. E. Rep. 486; *Gould, Admr.*, v. *Chicago, etc., R. R. Co.*, 66 Rep. 486; *Gould, Admr.*, v. *Chicago, etc., R. W. Co.*, 66 Ia. 590; *Atchinson, etc., R. R. Co.* v. *Retford*, 18 Kan. 245; *Goodes* v. *Boston, etc., R. R. Co.*, 162 Mass. 287, 38 N. E. Rep. 500; *Platt* v. *Chicago, etc., R. W. Co.*, 84 Ia. 694; *Rains* v. *St. Louis, R. W. Co.*, 71 Mo. 164; *Missouri, etc., R. W. Co.* v. *Somers*, 71 Tex. 700; *Tuttle* v. *Detroit, etc., R. W. Co.*, 122 U. S. 189; *Kehler* v. *Schwenk*, 144 Pa. St. 348, 27 Am. St. Rep. 633; *Coombs* v. *Fitchburg R. R. Co.*, 156 Mass. 200; 30 N. E. Rep. 1140; *Chicago, etc., R. R. Co.* v. *Clark*, 15 Am. and Eng. R. R. Cases, 261.

The judgment is reversed, and the cause is remanded, with instructions to the lower court to sustain the motion for a new trial.