The Peerless Stone Company *v.* Wray.

No. 17,556.

## THE PEERLESS STONE COMPANY *v.* WRAY.

MASTER AND SERVANT.—*Personal Injury of Servant.—Complaint.— Knowledge.*—A complaint for injuries to an employe from the giving way of an unsupported embankment, of the danger from which such employe was not notified, must aver that he had no knowledge of the danger as broadly as it avers knowledge on the part of the employer.

SAME.—*Personal Injury.—Averment as to Knowledge.—Insufficiency Of.*—An averment in an action for injuries to an employe from the giving way of an unsupported embankment of dirt, clay, and stone, that he had no knowledge that said dirt, clay, and stone had been loosened and left without support, without any allegation that he did not know that it was in danger of falling, or that there was danger in passing close to the bank, is insufficient, especially where the allegation of negligence on the part of the employer is that he did not notify the employe that there was danger in passing close to such bank.

SAME.—*Complaint.—Averment Too General.—Appellate Procedure.* Defective description of the cause of personal injuries cannot be considered on appeal unless questioned by a motion to make the complaint more specific.

APPELLATE PROCEDURE.—*Bill of Exceptions.—Filing.—Record.— Evidence.*—The evidence is not in the record on appeal. where nothing appears in the record to show that the bill of exceptions was ever filed.

From the Monroe Circuit Court.

*Dunn & Lowe,* for appellant.

*East & Miller* and *Louden & Louden,* for appellee.

MONKS, J.—Appellee brought this action to recover damages for personal injuries received while working in appellant's stone quarry.

The complaint was in three paragraphs. To each paragraph a demurrer, for want of facts, was overruled and exceptions reserved. After issue joined the cause

was tried by jury, a special verdict returned and, over a motion by appellant for judgment in its favor and a motion for a new trial, judgment was rendered in favor of the appellee. The errors assigned call in question each of said rulings of the court. It is earnestly insisted by the appellant that neither paragraph of the complaint was sufficient for the reason that there is no allegation that appellee had no knowledge of the danger, etc.

Appellee alleges, in the first paragraph of complaint, that "appellant was the owner and engaged in operating a stone quarry; that on and prior to June 8, 1892, appellee was employed by said appellant, and on said day a large pile of clay, dirt and stone, that had been loosened by the removal of stone and left an embankment unsupported, fell upon appellee while he was removing tools which were near said embankment. That said appellee, when so injured, was in the line of his duty in the service of appellant, and had no knowledge that said dirt, clay and stone had been loosened and left without any support; that said appellee was wholly without fault or negligence on his part at the time he received said injuries, and in no way whatever contributed to the same."

It is also alleged "that appellant well knew that said bank of clay, dirt and stone was loose and unsupported and in danger of falling, and had known said fact for several days before said accident, but negligently and carelessly failed to notify said plaintiff or call his attention to the fact that there was any danger in passing close to said bank of clay, dirt and stone."

It is well settled that in this class of cases, in order to make a good complaint, it must be averred that the plaintiff had no knowledge of the danger. *Louisville, etc., R. W. Co.* v. *Sandford, Admr.,* 117 Ind. 265;

*Big Creek Stone Co.* v. *Wolf, Admr.,* 138 Ind. 496 (498–9); *Louisville, etc.,R. W. Co.* v. *Corps.,* 124 Ind. 427 (428) (8 L. R. A. 636); *Brazil, etc., Coal Co.* v. *Young,* 117 Ind. 520 (524); *Wabash, etc., R. W. Co.* v. *Morgan,* 132 Ind. 430, and cases cited on page 446; *New Kentucky Coal Co.* v. *Albini,* 12 Ind. App. 497, and cases cited; Deering on Negligence, section 201, and cases cited.

There is no such averment in the first paragraph of the complaint. The averment of want of knowledge must be as broad as the averment of knowledge on the part of appellant.

The only averment of want of knowledge on the part of appellee was "that appellee had no knowledge that said dirt, clay and stone had been loosened and left without any support." There is no allegation that appellee did not know that the same was "in danger of falling" or "that there was danger in passing close to said bank." These were facts of which it is alleged the appellant had knowledge, and upon the alleged failure of the appellant to notify appellee of the same, is predicated appellee's right to recover. For all that appears in this paragraph, appellee may have been fully aware of the danger of approaching said embankment and removing the tools, and that the same "was in danger of falling."

The allegations that appellee had no knowledge that said dirt, clay and stone had been loosened and left without any support, is not equivalent to an allegation that he had no knowledge that said bank of clay, dirt and stone were loose and unsupported and in danger of falling." Moreover, the allegation of negligence on the part of appellant is not that appellant did not notify him that said dirt, clay and stone were loose and unsupported, but that appellant did not notify him that there

was danger in passing close to said bank of clay, dirt and stone, of which fact, for all that appears, he may have had full knowledge.

It is apparent from the allegations in this paragraph that appellee had at least an equal opportunity with appellant to have known that the embankment mentioned was unsupported. The same was open to his observation, and if he had exercised ordinary care he would have known such fact.

The rule is that obvious defects or dangers, open to the ordinary careful observation, or such as are or should be known by the exercise of ordinary care, are assumed by the employe. *Louisville, etc., R. W. Co.* v. *Corps., supra; Hoosier Stone Co.* v. *McCain,* 133 Ind. 231, and cases cited on pages 241 and 242; *Ames, Admr.,* v. *Lake Shore, etc., R. W. Co.,* 135 Ind. 363, and cases cited; *Swanson* v. *City of Lafayette,* 134 Ind. 625; *Evansville, etc., R. R. Co.* v. *Duel,* 134 Ind. 156, and cases cited on page 159; *Coal Co.* v. *Estievenard* (O.) 40 N. E. Rep. 725.

The paragraph may therefore be considered the same as if the averment that appellee had no knowledge that the embankment was unsupported were eliminated, but whether so considered or not, it is clear that the averment of want of knowledge on the part of appellee was not sufficient.

The court therefore erred in overruling the demurrer to the first paragraph.

The second and third paragraphs are substantially the same as the first in this respect and are insufficient for the same reason.

There are other objections urged to each paragraph of the complaint, but as the complaint is not sufficient for the reasons already given, it is not necessary to con-

sider them further than to say that the objections are such as cannot be reached by demurrer, but must be presented by a motion to make more specific. It is true that a defendant in an action like this is entitled to have the facts, that is, the surroundings and existing conditions and what occurred at the time of the injury so stated in the complaint that the court may, as a matter of law, determine whether the defendant was guilty of negligence, and what risks, if any, have been assumed by the plaintiff. This would include, in this case, a description of the pile of dirt, clay and stone or embankment, called in the special verdict a mud seam, and whether the same was found in quarrying stone or was only the waste and refuse of the quarry collected in a heap.

Defendants are not compelled to go to trial upon complaints containing general allegations, but are entitled to have the same made specific and certain. This, however, requires a motion to make more specific, and unless such motions have been made and overruled and exceptions properly saved, no question can be presented concerning such matters here.

As the judgment must be reversed for the error of the court in overruling the demurrer to the complaint, it is not necessary to consider the question presented concerning the special verdict.

Appellee insists that what purports to be a bill of exceptions containing the evidence is not a part of the record for the reason that it was never filed in the court below, and that, therefore, the causes assigned for a new trial must fail. There is nothing in the record showing that the bill of exceptions was ever filed, as required by section 629, R. S. 1881; section 641, R. S. 1894. It is well settled that a bill of exceptions is not a part of the record until it is filed. *Wenning* v. *Teeple*

Reynolds *et al. v.* Louisville, New Albany and Chicago Ry. Co. *et al.*

(Ind.), 41 N. E. Rep. 600; *Ayers* v. *Armstrong*, 142 Ind. 263; *Drake* v. *State* (this term), 41 N. E. Rep. 799; Elliott App. Proced., section 805.

It is clear from the authorities cited that the evidence is not in the record. There is, therefore, no question presented by the motion for a new trial, as the causes specified in the motion depend for their determination upon the evidence.

Judgment reversed, with instructions to sustain the demurrer to each paragraph of the amended complaint.

Filed January 31, 1896.