Hackney, J.
The appellee sued and recovered against the appellant for personal injuries. The complaint, to which the lower court overruled a demurrer, was substantially as follows: The appellant maintained a freight depot in the city of Evansville, and along one side thereof maintained a track upon which cars were moved and placed for loading and unloading freight. The appellee was employed by the appellant in and about said depot in loading and unloading freight into and from such cars. For twelve months prior to June 29, 1894, the appellant had negligently permitted a part of said track, for a space of eight feet, to become defective and dangerous by permitting the overflow from a hydrant within said depot to run upon that part of said track until the foundation thereof for said space had become soft mud, and the track, by reason thereof, had sunk nine inches under the weight of cars passing over said space. During said period of twelve months the appellant failed to provide locomotives to move the cars along said track and required its employes, including the appellee, to move them by hand, and day by day to drive cars from the sunken track by the propulsion of other cars against them, using the momentum thus acquired to *561 displace the cars from the sunken part of the track. During the forty-eight hours prior to the date mentioned, “coal cinders had been placed on the top of the soft mud before mentioned, but the foundation of the track was not improved and the wheels of the car would sink the rails below the surface of said cinders, and the cinders placed on the top of said mud as mentioned were loose, movable and treacherous, and of this latent condition of said cinders this plaintiff (appellee), while in the employ of said defendant (appellant), had no notice whatever. And said defendant further disregarding its duty, negligently permitted the coupling link of a loaded car on said track next to the southeast of said sunken place to be and remain bent downward and so fastened that the strength of one man was insufficient to put it in position for coupling; that the defect in said link was latent and hidden and this plaintiff [appellee], while so employed, had no notice thereof whatever. While said track and loaded car were in the condition mentioned' and in the absence of a locomotive, as aforesaid, on the 29th day of June, 1894, the wheels of a freight car were in the sunken part of said track, and six employes of said defendant (appellant) were engaged in propelling the loaded car aforesaid northwestwardly against the freight car fastened in the sunken part of said track above described, when, in the performance of his duty, at the proper time he went in between said cars to make the coupling, which he was unable to accomplish by reason of his inability to place in position the pin to fasten the coupling link above mentioned, the loaded car upon the level track was pushed against the car in the depression and, by the impingement, the car lodged in the depressed part of the track was partly driven from the depression or sunken part of the track, and being uncoupled, for the reason mentioned, the *562 loaded car was by the concussion repelled a few feet, and by reason of the depressed condition of the track again came forward. In the meantime the plaintiff (appellee) had stepped outside the southwest track, placed his shoulder against said freight car to continue its movement out from the depressed track and the cinders underneath his feet gave way and his right foot slipped down upon the southwest rail of said track, pressed down by the weight of the car below said cinders, and the wheels of the advancing loaded car rolled upon his right foot, and a large part thereof was thereby crushed, removed and destroyed. And that the defendant (appellant) well knew of the said defective condition of said link and track and had been notified of said defective condition of said track, and could, by the exercise of diligence, have known of the same.” There was also a general allegation that the appellant was free from fault or negligence.
In the argument no significance is attached to the failure of the company to supply a locomotive to move cars, and the fact that for twelve months the appellee had engaged in moving them in the manner in which they were moved on the day of his injury may be regarded as a waiver or assumption of the hazard involved in such failure. The complaint does not allege that any necessity or requirement existed for coupling the loaded car to that which was sought to be moved from the depression in the track, nor does it appear that the injury sustained was due to the alleged defective coupling link or pin, nor does it appear that the effort to make a coupling was more than a remote incident or circumstance in the chain of events leading to the injury. The sufficiency of the complaint, therefore, must be considered with reference alone to the allegations of negligence in maintaining a defective track.
*563 Where defects connected with a service are open and obvious alike to the master and the servant and the servant voluntarily continues in the service and incurs the hazards of such defects, he thereby assumes the perils thereof and may not recover for injuries sustained therefrom. Peerless Stone Co. v. Wray, 143 Ind. 574; Salem-Bedford Stone Co. v. Hobbs, 144 Ind. 146; Sheets v. Chicago, etc., R. W. Co., 139 Ind. 682; Ames v. Lake Shore, etc., R. W Co., 135 Ind. 363; Evansville, etc., R. R. Co. v. Duel, 134 Ind. 156; Hoosier Stone Co. v. McCain, 133 Ind. 231.
These are but a few of the many decisions of this court adhering to the rule above stated. By these decisions it is further held that the obligation rests upon the injured servant to disclose an absence of knowledge, on his part, of the defects complained of. It is a rule also that the general allegation of the absence of knowledge will be overcome by allegations from which it is evident that the servant must have known of the defects or had the same means and opportunity for such knowledge as the master possessed. Peerless Stone Co. v. Wray, supra; Sheets v. Chicago, etc., R. W. Co., supra, Ames v. Lake Shore, etc., R. W. Co., supra.
Where the alleged defects are of such a character as that their perils are open and obvious it would seem but a contradiction of terms to say, in the absence of peculiar circumstances denying an opportunity for observation, that while so open and obvious they were unknown. Where they are open and obvious to the servant, as the facts specially alleged disclose, the general allegation of the want of knowledge is overcome by such special allegations. The case of Pennsylvania Co. v. Brush, 130 Ind. 347, is not in conflict with this holding. There it was held that the general allegation, that the injured servant had no knowl *564 edge of the defective tie, was sufficient, nothing appearing in the complaint disclosing his opportunities for knowledge of the defect.
The theory suggested by the learned counsel for the appellee that the company had, by covering the surface of the ground with cinders, apparently cured the defect in the track and made safe the attempt to push the car as he did when injured, is not tenable. It is not alleged that the company placed the cinders on the track, nor that they made the track appear' to be safe. On the contrary the car sought to be moved was, by every reasonable construction of the allegations, upon the defective portion of the track which was then sunken and the car required the force of another car propelled against it to move it from the depression. It is a matter of common observation, and must have been known to the appellee, that cinders newly placed upon the ground, when the ground is hard or soft, will yield under the feet of a man who is in the attitude of pushing with the weight of his body and the strength of his muscles, his feet upon the cinders and his shoulder against a heavy car. Likewise, it was a matter of common observation and must have been known to the appellee, at least as well as it could be known to the appellant, that the car pushed against that sought to be moved would follow in the direction. it had been pushed, and that so following it would run upon him if he were upon the track.
The allegation that “the cinders placed on top of said mud as mentioned were loose, movable and treacherous, and of this latent condition” the appellee had no notice, was weak and insufficient both in describing and in alleging generally a latent danger. That they were “loose, movable and treacherous” was, as we have said, the natural and ordinary condition of newly spread cinders and we cannot presume, in the *565 absence of averment, a condition not natural and usual. The words “of this latent condition” were connected with the allegation that appellee had no notice and were not descriptive of the condition of the cinders. If treated as a part of the allegation as to the condition of the cinders it was of the force only of a recital and was not an affirmative allegation that there was any latent condition of danger in the cinders. The sufficiency of the complaint may be further doubted from the failure to allege that the appellee’s unaided efforts to push the car out of the depression was required of him, was practicable or reasonable, or that it was not manifestly a waste of energy.
In discussing the question of notice, counsel for appellee proceed upon the theory that it involves the doctrine of contributory negligence. Not so. The doctrine is that of waiver or assumption, as has been held in Sheets v. Chicago, etc., R. W. Co., supra; Evansville, etc., R. R. Co. v. Duel, supra; Louisville, etc., R. W. Co. v. Corks, 124 Ind. 427; Ames v. Lake Shore R. R. Co., 135 Ind. 365; Pennsylvania Co. v. Finney, Admr., 145 Ind. 551; Oleson v. Lake Shore, etc., R. W. Co., 143 Ind. 405, 32 L. R. A. 149; Lake Shore R. R. Co. v. Stick, 143 Ind. 449; O’Neal v. Chicago, etc., R. W. Co., 132 Ind. 110; Cincinnati, etc., R. W. Co. v. Duncan, Admr., 143 Ind. 524; City of Bedford v. Neal, 143 Ind. 425; Wood Master and Servant, section 364.
The judgment is reversed with instructions to sustain the appellant’s demurrer to the complaint.