THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* PARKER, ADMINISTRATRIX.

[No. 18,268.     Filed February 2, 1900.]

MASTER AND SERVANT.—*Negligence.*—*Railroads.*—*Pleading.*—*Notice of Defects.*—A complaint alleging that defendant negligently constructed a side-track, and ordered decedent, an engineer, to run his engine over it, and that decedent, without fault on his part, was killed by the overturning of the engine as a result of the giving away of the side-track is bad on demurrer in the absence of an allegation that decedent had no knowledge of the defective condition of the side-track. *p. 154.*

PLEADING.—*Complaint.*—*Omission of Material Averment Not Cured by Verdict.*—The omission of a material averment of fact from a complaint is not cured by a finding of the omitted fact in the special verdict. *p. 155.*

| | |
|---|---|
| 154 | 158 |
| 154 | 587 |
| 154 | 588 |
| 154 | 153 |
| 158 | 205 |
| 154 | 153 |
| 161 | 683 |
| 162 | 94 |
| 162 | 100 |
| 154 | 153 |
| 169 | 676 |

From the Hendricks Circuit Court.     *Reversed.*

*J. T. Dye, B. K. Elliott, W. F. Elliott* and *T. S. Adams,* for appellant.

*W. N. Harding, A. R. Hovey* and *C. C. Hadley,* for appellee.

Cleveland, etc., R. Co. v. Parker, Adm.

BAKER, J.—Action against appellant to recover damages for negligently causing the death of Henry E. Hurshman. Demurrer to complaint for want of sufficient facts overruled. Trial, and judgment for appellee.

The gist of the complaint is the charge that appellant negligently constructed a side-track, and ordered the decedent, an engineer, to run his engine over it; and that the decedent, without fault on his part, was killed by the overturning of the engine as the result of the giving way of the side-track. There is no averment that the decedent, before going upon the side-track, did not have full knowledge of its dangerous and defective condition.

In cases of this character it is incumbent upon the plaintiff to show by the allegations of the complaint, not only that the decedent was free from fault, but that the risk was one not knowingly assumed as an incident of the service. If the decedent had notice (actual or implied) of the careless and negligent construction of the side-track and its dangerous condition, and thereupon voluntarily proceeded to run the engine over the track, then these conditions became a risk which the decedent voluntarily assumed. It must follow, therefore, that, in order to establish a breach of duty creating a cause of action against appellant, it was necessary to allege that the decedent had no notice of the condition of the side-track. *Louisville, etc., R. Co. v. Sandford,* 117 Ind. 265; *Brazil Block Coal Co. v. Young,* 117 Ind. 520; *Louisville, etc., R. Co. v. Corps,* 124 Ind. 427, 8 L. R. A. 636; *Wabash, etc., R. Co. v. Morgan,* 132 Ind. 430; *Evansville, etc., R. Co. v. Duel,* 134 Ind. 156; *Pennsylvania Co. v. Congdon,* 134 Ind. 226, 39 Am. St. 251; *Ames v. Lake Shore, etc., R. Co.,* 135 Ind. 363; *Big Creek Stone Co. v. Wolf,* 138 Ind. 496; *Peerless Stone Co. v. Wray,* 143 Ind. 574; *Louisville, etc., R. Co. v. Kemper,* 147 Ind. 561; *Consolidated Stone Co. v. Summit,* 152 Ind. 297; *Kentucky, etc., Co. v. Eastman,* 7 Ind. App. 514; *New Kentucky, etc., Co. v. Albani,* 12 Ind. App. 497; *Minty v. Union Pacific*

*R. Co.*, 2 Idaho 438, 21 Pac. 660, 4 L. R. A. 409; *Atchison, etc., R. Co.* v. *Wagner*, 33 Kan. 660, 7 Pac. 204; Wood's Law of Master and Servant, §382.

Appellee contends that the error in overruling the demurrer to the complaint is harmless because the special verdict includes a finding that the decedent had no notice and no opportunity to learn that the side-track was in a dangerous condition. To quote from *Pittsburgh, etc., R. Co.* v. *Moore*, 152 Ind. 345, 44 L. R. A. 638: "This is not the law. When a pleading is tested by demurrer, it must stand or fall by its own averments. It can find neither weakness nor strength from other parts of the record." Furthermore, the supposed finding was not a part of the special verdict. If, in considering the sufficiency of a special verdict or a special finding of facts, a finding not within the issues must be stricken out and disregarded, certainly such a finding could not be considered to be in the record for the purpose of supplying an issue omitted from the pleadings.

Judgment reversed, with directions to sustain the demurrer to the complaint.

Hadley, C. J., took no part in this decision.