## THE CORNING STEEL COMPANY *v.* POHLPLATZ.

[No. 3,541. Filed June 3, 1902.]

MASTER AND SERVANT.—*Personal Injuries.—Assumption of Risk.—Complaint.—Employers Liability Act.*—A complaint for personal injuries charged that plaintiff, a minor eighteen years of age, employed by defendant in its steel-mills, was directed that at any time any of the machinery became broken he should quit his work and go to the place where such repairs were being made in order that he might become familiar with the machinery; that a cogwheel became displaced, and, in order to replace it, it was necessary to stand upon a pot containing hot metal and drive the cogwheel on with a sledge-hammer; that in obedience to orders he stood upon the pot and attempted to drive the

Corning Steel Co. *v.* Pohlplatz.

wheel to its place, but after striking a few blows he missed the wheel and the hammer threw him from the place where he was standing, and he fell into the hot metal and was injured. The negligence charged was failure to cover the pot, and also failure to inform plaintiff or caution him as to the danger, knowing the metal was dangerous and that plaintiff was without experience. *Held*, that the complaint showed an assumption of an open and obvious danger. *Held*, also, that the averments were not sufficient to bring the case within the provisions of the employers liability act. *pp. 251–256.*

MASTER AND SERVANT. — *Employers Liability Act.* — The employers liability act, §7083 Burns 1901, does not relieve the employe from the caution and care of himself required by the common law. *pp. 256–257.*

From Lake Superior Court; *J. F. Gallaher*, Special Judge.

Action by Leo Pohlplatz against the Corning Steel Company for personal injuries. From a judgment for plaintiff, defendant appeals. *Reversed.*

*C. E. Heckler* and *C. F. Griffin*, for appellant.

*B. Borders, L. Becker, N. L. Agnew* and *D. E. Kelly*, for appellee.

ROBINSON, J.—Suit for personal injuries. Complaint in two paragraphs to which demurrers were overruled. Issues formed upon general denial, trial by jury, verdict and judgment for appellee. The first paragraph of the complaint avers that appellant is a corporation; that appellee is a minor eighteen years of age, and on the 1st day of August, 1899, was employed by the appellant to work in its mills, and on the same day was put to work inspecting and handling steel plates, and kept at such work until August 17, 1899. That when appellee began working for appellant he had had no experience in or about a steel-mill, and knew nothing whatever of the work or the danger of such a place, and that, when he began work, appellant, among other instructions given him, directed that at any time any of the machinery or appliances became broken or misplaced, and it became necessary to make repairs, that he should quit his work, and go to the place where such repairs were being

made, and watch the repair thereof, to the end that he might become familiar with the repairing and operation of such machinery; that on the 17th day of August, a certain cog-wheel became loosened and slipped from its place, and, in obedience to the directions before given him, appellee went to the place where the cog-wheel was so misplaced; that the wheel was located over and above a pot of hot metal, and in such a place that, to replace it, it was necessary to stand upon the pot containing the hot metal, and drive the cog-wheel into its place with a sledge-hammer; that the appellant directed him to stand upon the edge of the pot, and, with the sledge-hammer, drive the wheel back to its place; that the pot was filled with melted metal, used to coat the finished sheets of steel, but at the time gave no signs of its intense heat, and, from its appearance, no person could by the use of the eye ascertain its heat; that the pot was without any covering, but appellee had no experience or knowledge of such matters, and did not know the contents of the pot were so intensely hot, and, in obedience to the orders of appellant, he went upon the pot, and standing upon the edge thereof,—a space of four inches in width,—he attempted to drive the wheel to its place; that after he had struck a few blows with the hammer, he struck at and missed the wheel, and the hammer, which weighed twenty pounds, swung around with such force as to throw him from the narrow place where he was standing, and he fell with his right hand and arm in the pot of hot metal, and was burned and scalded to such an extent as to permanently disable him. He further avers that appellant well knew the contents of the pot were intensely hot, and that the position where appellee was ordered to go was extremely dangerous, and that the missing of a blow or the slightest turning of the hammer would throw appellee down and into the pot of metal, and that appellant also knew that appellee was a minor eighteen years of age, and was wholly without experience, and, knowing all these things, appellant carelessly and

Corning Steel Co. *v.* Pohlplatz.

negligently failed to inform appellee of the danger, or to caution him as to the same. It is further averred that the pot might have been covered, with the loss of only a few minutes time, so as to make it perfectly safe, as appellant well knew. He further avers that he was not guilty of any fault or neglect, and that his injuries were caused directly and wholly by the neglect and carelessness of appellant as above set out.

Appellee avers in this paragraph that the wheel was over and above a vat of melted metal used to coat finished sheets of steel, and, to replace the wheel, it was necessary to stand upon the vat containing the metal. He does not aver in direct terms that he did not know the metal was hot, but avers that at the time it gave no signs of its intense heat, and from its appearance a person could not by the use of the eye ascertain its heat, and that he did not know its contents were so intensely hot. Nor is it averred that he was ignorant of the danger of attempting to stand where he did to do the work he was attempting to do. The only danger incident to the work was the danger of being burned from the hot metal, and there is no express averment in this paragraph that he was ignorant of that danger. It is averred that when *he began* work he was inexperienced about a steel-mill, and was a minor eighteen years of age. The general rule is that minors are held to the same risks of the employment in which they are engaged, and which are open and obvious to them, as adults. *Toledo, etc., R. Co.* v. *Trimble,* 8 Ind. App. 333; *Levey* v. *Bigelow,* 6 Ind. App. 677, and cases there cited. The position appellee assumed was a hazardous one, and it must be held, from the averments of this paragraph, that the danger was as well known to him as to anyone.

The second paragraph contains substantially the same averments, and contains additional averments as to the location of the pot or vat with reference to the place where appellee worked; that a piece of the wheel was broken off when

struck, causing the hammer to swing around and over the vat; describes the vat as "a pot or vat about five by seven feet and enclosed in a hollow wall extends about three feet above the floor, and so constructed that the fire in the furnace under the pot came up on the sides of the pot; that said vat when in use is filled with a composition of lead, zinc, and other metals which is kept in a liquid condition by the intense heat of the fire under and around the pot; and at each end of said furnace is machinery for the purpose of carrying the sheets of steel into and out of said pot." In this paragraph it is averred that appellee stood upon the top of the furnace wall, which was twelve inches wide, and consisted of a steel plate; that he was directed by appellant to go upon the furnace wall; that he "hesitated to do as ordered, and the defendant thereupon again ordered plaintiff to immediately get upon the furnace wall and drive the wheel to place;" and that he thereupon went upon the wall with the hammer. It is also averred that the melted composition gave no signs of heat, was of a dark gray color, and to the sight appeared solid and hard, and that appellee "did not know the nature of the contents of said pot and did not know it was hot."

It is true, it is the general rule that a complaint need only aver that the injured party was ignorant of the dangerous defect; but that the proof must show that he did not know of the defect, and could not have known of it by the exercise of ordinary care. But a general averment that the injured person did not know of the defect will be overcome by averments from which it is manifest that he must have known of it, or had the same means and opportunity for such knowledge as the employer had. *Ames* v. *Lake Shore, etc., R. Co.,* 135 Ind. 363. It is enough to say that the common experiences of life compel us to say that it is not possible for a person eighteen years of age to approach and stand upon the edge of such a vat of melted metal without learning it was intensely hot.

The rule is thus stated in *Louisville, etc., R. Co.* v. *Kemper*, 147 Ind. 561: "Where the alleged defects are of such a character as that their perils are open and obvious it would seem but a contradiction of terms to say, in the absence of peculiar circumstances denying an opportunity for observation, that while so open and obvious they were unknown. Where they are open and obvious to the servant, as the facts specially alleged disclose, the general allegation of the want of knowledge is overcome by such special allegations."

The negligence charged against appellant is failure to cover the vat of melted metal; and also failing to inform appellee or caution him as to the danger, knowing the pot of metal was extremely dangerous, that appellee was without experience, and that a missing blow or turning of the hammer would throw appellee into the metal. Appellee must have known, as well as appellant, that the vat was uncovered, that its contents were hot, and that a position upon the edge of the vat was dangerous. Any person in appellee's position, whether experienced or inexperienced, must be held to know such facts. An employer is not called upon to tell an employe what, under the same circumstances, must necessarily be known to everybody. Appellant could have no reason to believe that the heat which necessarily, radiated from the vat would not disclose to appellee its condition. And there is nothing averred to show that appellee did not know, as well as appellant, that a missing blow or turning of the hammer would throw him into the vat.

From the facts specially averred it must be concluded that the danger was open and obvious, and, from the conditions and surroundings, was necessarily as well known to appellee as to appellant. The principal act of omission charged against appellant is its failure to cover the vat of melted metal. The danger to appellee was of being burned by this metal. But from the very nature of the contents of the vat, it can not be said there was any latent danger. We fail to understand how a person could take a posi-

tion upon the edge of such a vat, filled with melted metal, without knowing something of its temperature. There is no averment that appellee did not know the purpose for which the vat was used. It is averred the vat was at the time filled with melted metal. Appellee may not have known it was filled with melted metal until he approached the place where it was located. But when he came near enough to step up on the edge of the vat he necessarily knew that the metal was hot, that the vat was not covered, and that it was dangerous. No peculiar circumstances are averred denying him the opportunity to observe for himself. The facts averred show that the conditions existing, and the perils, were open and obvious to appellee. These facts are sufficient to overcome a general averment of want of knowledge. *Peerless Stone Co.* v. *Wray,* 143 Ind. 574; *Ames* v. *Lake Shore, etc., R. Co.,* 135 Ind. 363; *Louisville, etc., R. Co.* v. *Kemper,* 147 Ind. 561; *Sheets* v. *Chicago, etc., R. Co.,* 139 Ind. 682; *Guedelhofer* v. *Ernsting,* 23 Ind. App. 188; *Ciriack* v. *Merchants Woolen Co.,* 146 Mass. 182, 15 N. E. 579, 4 Am. St. 307.

Both paragraphs of complaint proceed upon the theory that appellant is liable because of failure to perform its common law duty toward appellee. This is the distinct and definite theory of the pleading gathered from the reasonable and fair construction of the language used. *Miller* v. *Miller,* 17 Ind. App. 605, and cases there cited. Its averments are not sufficient to bring the case within the provisions of either subdivisions two or four of §1 of the employers liability act, as argued by appellee. §7083 Burns 1901. It is not claimed, by any averments, that the injury resulted from the negligence of any person in the service of appellant to whose order or direction appellee at the time of the injury was bound to conform and did conform; nor that the injury was caused by the negligence of any person in appellant's service who had charge of the work, or by the negligence of any person, co-employe, or fellow servant

engaged in the same common service, such co-employe or fellow servant acting in the place of appellant, and appellee conforming to the order of some superior at the time having authority to direct. There are no averments in either paragraph bringing the case within any of the provisions of that act. Moreover, under this statute, the employe is not relieved from the caution and care of himself required by the common law. *Whitcomb* v. *Standard Oil Co.,* 153 Ind. 513; *Louisville, etc., R. Co.* v. *Wagner,* 153 Ind. 420.

Judgment reversed, with instructions to sustain the demurrer to each paragraph of complaint.