## PATRICK GILLSHANNON *vs.* THE STONY BROOK RAILROAD CORPORATION.

A common laborer on a railroad, while riding on a gravel train to his place of labor, was injured by a collision caused by the negligence of the company's servants in charge of the train. *Held,* that no action would lie against the company therefor, although both servants were not in a common employment.

ACTION on the case for injuries sustained by the plaintiff, a laborer in the employment of the defendants, by the negligence of their servants and agents. It was tried in this court before *Bigelow*, J. by whom the evidence was reported for the consideration of the whole court. From this evidence it appeared that the plaintiff was a common laborer, employed in repairing the defendants' road-bed, at a place several miles from his residence. Each morning and evening, he rode with other laborers, to and from the place of labor on the gravel train of the defendants. This was done with the consent of the company, and for mutual convenience; no compensation being paid, directly or indirectly by the laborers, for the passage, and the company being under no contract to convey the laborers to and from their work.

Gillshannon v. Stony Brook Railroad Corporation.

While thus on the way to their work on one occasion, a collision took place with a hand car on the track, through the negligence of those having charge of the gravel train, as the plaintiff contended, and he was thrown off and run over by the gravel train, for which injury this action was brought. The plaintiff had no charge or care over the gravel train, and there was some evidence that the gravel train was not sufficiently supplied with brakemen. If upon these facts the jury would be justified in finding a verdict for the plaintiff, the case was to stand for trial; otherwise the plaintiff to become nonsuit.

*B. F. Butler*, (*J. G. Abbott* with him,) for the plaintiff.

1st. This is an action on the case against the defendants, for negligence in conducting a train of cars in such a manner, that the plaintiff riding on the train, was injured; there is sufficient evidence of negligence for a jury to pass upon, unless there is something in the relation of servant and master, subsisting between the plaintiff and defendants, which takes the case out of the common rule of law on this subject; indeed, the injury arising from the act done to prevent a collision, is of itself *primâ facie* evidence of negligence. *Skinner* v. *London, Brighton and South Coast Railroad Co.* 5 Welsby, Hurl. & Gord. 787.

2d. The plaintiff was not in any way connected with the business of running trains upon the road, or in the management of the track in reference to the running of trains; but employed merely as a laborer in constructing the road-bed; the reason of the rule established in *Farwell* v. *Boston and Worcester Railroad Corporation*, 4 Met. 49, and other like cases, does not apply.

3d. The evidence tends to show, that the plaintiff was not in the employ of the defendants at the time the injury was received; his services for the defendants did not begin until he commenced the work upon which he was employed, namely, digging gravel; to bring this case within the principle of those relied upon by the defendants, it must first be shown that the injury complained of was received by the servant while in the actual business of his master, from the negligence of

other servants. It might just as properly be maintained, that if the plaintiff, when going to or from his work, in crossing the railroad track in a public highway, had been injured by the carelessness of an engine-driver, he could not maintain an action for the damages so sustained.

4th. The action can be sustained upon the ground, that the defendants themselves, not their mere employees, were guilty of negligence in not providing a fit engineer, or fit and proper means to regulate and control the train, or take any fit and proper means to so regulate the trains as to prevent collisions; in all cases of the employment of one person by another, the master is obliged to use ordinary care at least in making provision for the safety of the servant while in his business, and if the servant is injured by the want of this care on the part of the master, the latter is liable. *St.* of 1849, *c.* 161.

5th. There is evidence tending to show, that when the injury complained of, was received by the plaintiff, the relation subsisting between him and the defendants, was that of passenger and carrier of passengers for hire. A part of the consideration paid by the defendants to the plaintiff, was an agreement to transport him back and forth, whenever their engine passed over the road; the defendants were paid for the transportation, and the injury was received before the relation of master and servant commenced, and while that of passenger and carriers of passengers subsisted.

6th. But in order to bring the case on the part of the defendants within the rule or principle settled by the court, in *Farwell* v. *Boston and Worcester Railroad Co.*, it must appear that the plaintiff, at the time of the injury, and the persons having charge of the train, by whose carelessness or negligence the injury happened, "were employed in the conduct of one common enterprise or undertaking," and that "the safety of each depended much on the care and skill with which each other performed his appropriate duty," which is not the case at bar. Here the plaintiff was going to or returning from his work, as a laborer, employed as a servant of the defendants only when at work in shovelling gravel, and the persons having charge of the train being engaged in an

entirely different undertaking. If then the case at bar is not fully within the principle decided in *Farwell* v. *Boston and Worcester Railroad*, that case is not any authority for the defendants in the present case; for the court have added a caution in that case against any application of the rule ther decided to cases not fully within the same principle.

*T. Wentworth*, ( *G. F. Farley* with him,) for the defendants.

DEWEY, J. If the relation existing between these parties was that of master and servant, no action will lie against the defendants for an injury received by the plaintiff in the course of that service, occasioned by the negligence of a fellow servant. *Farwell* v. *Boston and Worcester Railroad*, 4 Met. 49; *Hayes* v. *Western Railroad*, 3 Cush. 270.

It was attempted on the argument for the plaintiff to take the case out of the rule stated in those cases, upon the ground that the nature of the employment of these servants was different, the plaintiff being employed as a laborer in constructing the railroad bed, and not engaged in any duty connected with running the trains, and so not engaged in any common enterprise. The case of *Albro* v. *Agawam Canal Co.* 6 Cush. 75, seems to be adverse to these views, and goes strongly to sustain the defence.

It was also urged that the plaintiff was not in the employment of the defendants at the time the injury was received, or that he might properly be considered as a passenger, and the defendants, as respects him, were carriers for hire? But as it seems to us, in no view of the case can this action be maintained. If the plaintiff was by the contract of service to be carried by the defendants to the place for his labor, then the injury was received while engaged in the service for which he was employed, and so falls within the ordinary cases of servants sustaining an injury from the negligence of other servants. If it be not properly inferable from the evidence that the contract between the parties actually embraced this transportation to the place of labor, it leaves the case to stand as a permissive privilege granted to the plaintiff, of which he availed himself, to facilitate his labors and service, and is equally connected with it, and the relation of master and ser-

vant, and therefore furnishes no ground for maintaining this action.

How does the case differ from that suggested at the argument by the counsel for the defendants, who supposed a case where the business for which the party is employed, is that of cutting timber, or standing wood, and the servant receives an injury in his person on the way to the timber-lot, by the overturning of the vehicle in which he is carried, by the negligence or careless driving of another servant? There is no liability on the part of the master in such a case.

It seems to the court, that upon the evidence offered in the present case, the plaintiff was not entitled to a verdict, and the nonsuit should stand. *Plaintiff nonsuit.*