Archibald v. Harvey.

Henley, J., absent.

---

ARCHIBALD *v.* HARVEY ET AL.

[No. 2,890. Filed October 10, 1899.]

INSTRUCTIONS.—*Misstatement of Pleadings.—Harmless Error.—Replevin.*—A statement in an instruction in an action in replevin that plaintiff avers that defendant obtained possession of the property unlawfully, when no such allegation was made, is harmless, where other instructions informed the jury that it was only necessary for plaintiff to prove ownership and right of possession in the property at the time the action was commenced. *pp. 30, 31.*

SAME.—*Harmless Error.*—Where all of the instructions taken together fairly state the law applicable to the evidence, the judgment will not be reversed. *p. 31.*

From the Crawford Circuit Court. *Affirmed.*

*Major W. Funk,* for appellant.

*John H. Weathers,* for appellees.

HENLEY, J.—This was an action in replevin. Appellant sought to recover the possession of a buggy valued at $50. In the lower court, judgment was rendered in favor of the defendant, and plaintiff appeals. The only question presented by the assignment of error relates to the action of the court in overruling appellant's motion for a new trial. Under the assignment of error appellant's counsel contends that the lower court erred in giving to the jury instruction numbered one, which was as follows: "This is an action brought

by the plaintiff, against the defendant, to recover the possession of a certain buggy, of which plaintiff alleges she is the owner and entitled to the possession, and that defendant obtained the same unlawfully, and unlawfully retained it from plaintiff, to her damage in the sum of $100, and that said property was not taken by virtue of any writ of execution or other writ against her."

This instruction, it is contended, unfairly states the averments of the complaint in this, that the complaint does not aver that appellee obtained the possession of the property in controversy unlawfully. Appellant's counsel are correct in their position, but the error, if any, in giving such instruction was harmless. It appears by the record that the court instructed the jury repeatedly in the course of his instruction, that, in order for appellant to recover it was only necessary under the issues formed by the complaint and answer, that she prove ownership and right of possession in the property at the time the action was commenced. The instructions taken together fairly stated the law applicable to the evidence. In such cases this court will not reverse the judgment of the lower court. *Cook* v. *Woodruff*, 97 Ind. 134; *White* v. *Beem*, 80 Ind. 239; *Young* v. *Clegg*, 93 Ind. 371.

The judgment of the lower court is affirmed.