## BOWLES *v.* INDIANA RAILWAY COMPANY.

[No. 3,927.    Filed November 26, 1901.]

MASTER AND SERVANT.—*Carriers.*—Where plaintiff and other work-men engaged in constructing a trolley line were transported to and from work in a wagon furnished by the company, they were employes while so riding, and not passengers. *pp. 672-676.*

SAME.—*Pleading.*—*Knowledge of Danger.*—The rule requiring an employe in an action against his employer for personal injuries to negative by his complaint knowledge of danger is not abolished by §359a Burns 1901, making it unnecessary for plaintiff in such actions to allege and prove want of contributory negligence on his part, or on the part of the person for whose injury or death suit is brought. *p. 676.*

From Elkhart Circuit Court; *H. D. Wilson,* Judge.

Action by Curtis N. Bowles against the Indiana Railway Company for personal injuries. From a judgment for defendant on demurrer to complaint, plaintiff appeals. *Affirmed.*

*O. M. Conley* and *H. C. Dodge,* for appellant.
*W. L. Stonex* and *C. C. Black,* for appellee.

BLACK, J.—The complaint of the appellant, a demurrer to which for want of sufficient facts was sustained, showed that he was in the employment of the appellee, constructing a trolley wire line, being one of a number of workmen so engaged; that the appellee furnished a team and wagon, which was used for the purpose of transporting the appellant and his fellow workmen from Elkhart to their work on the line, and of transporting them back from their work to get their dinners, and at night when work had ceased; which team had been used for such purpose and had transported the appellant and the other workmen to and from this work for two months before the 11th of September, 1899; that the team "was fractious and what is called a runaway team", of which the appellee had knowledge at all times, and it had run away several times before that date,

all of which was well known to the appellee, whereupon, the appellee, because of his knowledge aforesaid, hired a man as an expert teamster to drive and control the team in said work; that on the day above mentioned "said expert teamster" was in charge and driving the team, and the appellee represented to the appellant and his fellow workmen that the team, handled by the expert driver, was perfectly safe in his charge, and that the appellant and his comrades would not incur any danger whatever in accepting such transportation by the team; that appellant believed that the team so managed and so handled, as represented by the appellee, was safe and would not run away; that on the day aforesaid, the appellant and the other men were working on said line for the appellee, "and under and by virtue of said orders" were carried by said team, said driver in charge, at and upon the line, to continue their work, and were instructed that the team would return at dinner time, and that the appellant and the others would be transported by it to eat their dinner; that the team handled by said driver did go to the place where the appellant was at work and took him and the others to a place where there was water, where they could eat their dinner; that after dinner, on the way back to work, the team ran away with the wagon and the appellant and others, with the expert teamster driving; that he partially succeeded in stopping the team, and when it was nearly stopped, the appellant attempted to get out of the wagon, whereupon the team again began to run, and by a sudden jerk, while he was so attempting, and by the sudden attempt to run again, the team threw the appellant upon the ground, and in the fall he broke his collar bone, etc., to his damage, etc.

In such a case, it may be an important matter to determine whether the status of the person for whose injury the action is prosecuted was that of a passenger being carried by the defendant, either for hire or gratuitously, or

was that of a servant of the defendant. If a passenger, the defendant would be under obligation to exercise the highest care and would be liable for injury through slight negligence, and the maxim *respondeat superior* would be applicable; but if a servant, the master would be under obligation to exercise only ordinary care, and would be liable for injury through the want of it, and if the injury accrued from one of the ordinary risks of the service, the hazard of which was assumed by the injured person as an employe, there could be no recovery.

In the case before us the conveyance of the plaintiff and his fellow workmen by the employer was for the mutual convenience of the parties, no compensation being rendered or required. The transportation of the laborers was one of the means by which the employer procured the doing of the work. In view of the migratory character of the service, such transportation facilitated the prosecution of the work and was beneficial to both employer and employes. It was, by the conduct of the parties, if not by their express agreement, an ingredient and instrumentality of the employment. It can hardly be said that the plaintiff was not in the employment of the defendant while so riding, in both a legal and popular sense. Such conveyance seems to have been contemplated by the parties as a matter within the regular course of the employment. It is true that the plaintiff's service did not include the management or care of the vehicle or of the horses drawing it, but it included the riding in the conveyance furnished by the employer as a means of prosecuting the work in the manner contemplated by the parties to the contract of service. It was arranged between the employer and the employe that the latter would thus go and come with his fellow workmen, thereby expediting the work with greater convenience for all concerned. The employe was doing something for the employer when and by riding in the mode provided by the latter for the more convenient carrying forward of the mas-

ter's service, though at the same time the servant was participating in a privilege which he could have foregone without neglect of his service, though at trouble or cost to himself, and which therefore constituted some inducement, if not compensation, for the undertaking to perform the labor for which he was employed. It was connected with the employment. The defendant was not carrying the plaintiff gratuitously for the mere accommodation of the latter without regard to the relation between them created in their contract, but was doing so because of that relation and as an incident of the employment.

The general rule may be said to be that where an employe is being carried by his employer in the conveyance of the latter to and from the work for which the former is employed, he is regarded not as a passenger, but as an employe; though if he is being carried merely for his own convenience, pleasure, or business he is a passenger. Thompson's Car. of Pass. 46, §6; *Russell* v. *Hudson River R. Co.,* 17 N. Y. 134; *Ross* v. *New York, etc., R. Co.,* 5 Hun 488; *Ross* v. *New York, etc., R. Co.,* 74 N. Y. 617; *Vick* v. *New York, etc., R. Co.,* 95 N. Y. 267, 47 Am. Rep. 36; *McGuirk* v. *Shattuck,* 160 Mass. 45, 39 Am. St. 454; *Gillshannon* v. *Stony Brook R. Co.,* 64 Mass. 228; *Abend* v. *Terre Haute, etc., R. Co.,* 111 Ill. 202, 53 Am. Rep. 616; *Gormley* v. *Ohio, etc., R. Co.,* 72 Ind. 31; *Sullivan* v. *Toledo, etc., R. Co.,* 58 Ind. 26; *Cooper* v. *Wabash R. Co.,* 11 Ind. App. 211.

The relation between the parties, we think, was that of employer and employe; but whether their relation was such or was that of carrier and passenger, the injury not being shown to have been inflicted wilfully, there could be no recovery without negligence on the part of the appellee. The complaint does not charge any act or omission of the appellee as negligent, or show that the injury was occasioned by the appellee's negligence. It is not charged that the appellee was negligent in the selection of the driver or that

the driver in any respect was incompetent or negligent. Whatever might be the effect as evidence of the use of such a team for such a purpose, it cannot be said that a pleading thus showing the use of the team in care of a competent driver charges negligence without so characterizing the use in the pleading.

Instead of stating want of knowledge of the character of the team on the part of the appellant, and thereby negativing the assumption by him of the hazard of the danger, it is indicated that he had known the fault of the team for two months, during which he had been riding to and from his work drawn by the same team.

In actions for damages brought on account of the alleged negligence of any person, co-partnership or corporation, for causing personal injuries or the death of any person, it is not now necessary in this State for the plaintiff to allege or prove the want of contributory negligence on his part or on the part of the person for whose injury or death the action is brought; but such contributory negligence is matter of defense, which may be proved under an answer of general denial. §359a Burns 1901.

But the well settled rule that in an ordinary action against an employer to recover for the injury or the death of an employe through negligence of the employer, the plaintiff shall negative knowledge on the part of the employe of the danger through fault in the employment or retention of servants or want of safety of implements or appliances is not abolished or modified by this statute, such denial of knowledge being required for the purpose of showing that the danger was not voluntarily assumed as one of the ordinary risks of the service. *Indiana, etc., R. Co.* v. *Dailey,* 110 Ind. 75; *Louisville, etc., R. Co.* v. *Sandford,* 117 Ind. 265; *Louisville, etc., R. Co.* v. *Corps,* 124 Ind. 427, 8 L. R. A. 636; *Evansville, etc., R. Co.* v. *Duel,* 134 Ind. 156; *Louisville, etc., R. Co.* v. *Miller,* 140 Ind. 685; *Peerless Stone Co.* v. *Wray,* 143 Ind. 574; *Louisville, etc.,*

*R. Co.* v. *Kemper,* 147 Ind. 561; *Clark County, etc., Co.* v. *Wright,* 16 Ind. App. 630; *Chicago, etc., R. Co.* v. *Wagner,* 17 Ind. App. 22; *McFarlan Carriage Co.* v. *Potter,* 21 Ind. App. 692; *McFarlan Carriage Co.* v. *Potter,* 153 Ind. 107.

Where, the danger being equally open and known to both the employe and the employer, the former has voluntarily continued in the service making no complaint, and the latter has made no promise concerning it, there can be no recovery. *Big Creek Stone Co.* v. *Wolf,* 138 Ind. 496; *Diamond Plate Glass Co.* v. *DeHority,* 143 Ind. 381; *Louisville, etc., R. Co.* v. *Kemper, supra; Wolf* v. *Big Creek Stone Co.,* 148 Ind. 317; *East Chicago, etc., Co.* v. *Williams,* 17 Ind. App. 573.

The pleading before us is so manifestly bad that it scarcely requires extensive comment.

Judgment affirmed.