## SOUTHERN INDIANA RAILWAY COMPANY *v.* CORPS, ADMINISTRATRIX.

[No. 5,547.    Filed February 15, 1906.    Rehearing denied April 19, 1906.]

1. PLEADING.—*Complaint.*—*Contributory Negligence.*—*Railroads.* —A complaint alleging that plaintiff's decedent was unaware of the approach of defendant's train and without any fault on his part said train caused the injuries complained of sufficiently negatives contributory negligence.    p. 590.

2. TRIAL.—*Burden of Proof.*—*Contributory Negligence.*—Contributory negligence is a defense in cases of personal injuries. p. 591.

3. PLEADING. — *Complaint.*—*Railroads.*—*Highway Crossings.*— *Collisions.*—A complaint showing that defendant railroad company's train struck decedent's wagon, thereby causing mortal injuries to decedent, sufficiently shows that decedent was on defendant's track.    p. 591.

4. SAME. — *Complaint.*—*Knowledge of Dangers.*—*Railroads.*— *Highway Crossings.*—*Collisions.*—A complaint against a railroad company, alleging that defendant railroad company's automatic bell did not ring at the crossing; that defendant's extra came without noise on a down grade; that it gave no signal by bell or whistle, and that decedent knew nothing of such extra, sufficiently shows a want of knowledge by decedent of such danger.    p. 591.

5. RAILROADS.—*Highway Crossings.*—*Duty to Make Safe.*—It is the imperative duty of a railroad company constructing or operating a railroad over a public highway to make the highway crossing safe.    p. 592.

6. SAME. — *Highway Crossings.* — *Depressions.* — *Negligence.* — Railroad companies are liable for negligence in the depression of highway crossings proximately causing injuries.    p. 592.

7.  TRIAL. — *Railroads.—Contributory Negligence.—Question for Jury.*—Where the evidence shows that defendant railroad company's automatic bell at a highway crossing did not ring, and decedent approached such crossing without stopping, relying upon the ringing of such bell at the approach of the train, the question of contributory negligence in view of the dangers is properly left to the jury. p. 593.

8.  NEGLIGENCE.—*Contributory.—Highways.—Defects.—Notice.*— Plaintiff was not guilty of contributory negligence, as a matter of law, for using a defective highway with knowledge thereof, unless such defects were so dangerous as to forbid the highway's use by persons using ordinary care. p. 593.

9.  TRIAL.—*Instructions.—Invasion of Province of Jury.—Railroads.—Signals.*—An instruction that if defendant railroad company's automatic bell did not sound at the highway crossing decedent had a right to presume the way was clear is an invasion of the province of the jury. p. 594.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Action by Emily Corps, as administratrix of the estate of George Corps, deceased, against the Southern Indiana Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*F. M. Trissal, T. J. Brooks* and *W. F. Brooks,* for appellant.

*Henry P. Pearson,* for appellee.

COMSTOCK, J.—Action by appellee against appellant for the killing of George Corps, her husband. The decedent was driving his two-horse team to a wagon, and while crossing appellant's track on a public highway was run into by an engine, drawing a caboose, and instantly killed. The complaint was in one paragraph, to which a demurrer for want of facts was filed and overruled. Appellants answer by general denial. There was a trial by jury, and a general verdict for appellee for $1,400, and answers to interrogatories were returned with the general verdict. Judgment was rendered in favor of appellee, and appellants assign as errors the action of the court in overruling

its demurrer to the complaint and its motion for a new trial.

Omitting formal parts, the substance of the complaint is as follows: Appellant's road at the crossing in question is on a curve and is located on the slope of a steep hill, the top of said hill being west of said railroad track about three hundred feet and the foot of said hill being a distance of about three hundred feet east of said track. In crossing said highway said defendant company negligently failed to restore said highway to its former state, or in a sufficient manner not to impair unnecessarily its usefulness, but carelessly, in making and maintaining said crossing, so constructed it and its approaches that it interfered, at all times mentioned in the complaint, with the free use of the same, and rendered the same insecure for the life and property of the persons using said highway, and insecure for the life and property of this plaintiff's intestate, in this, to wit: that said defendant negligently failed to cut back into said hill west of said track a sufficient distance to enable any one approaching said crossing to stop within from eight to ten feet of said track, but negligently made the descent to said track from the top of said hill very steep; and was further negligent in this: that it negligently, in making said crossing and the right of way approaching the same, caused to be permitted, and negligently suffered to remain, an embankment of mud, stone and dirt from six to eight feet in height, to the north of said highway, so that by reason of said obstruction any one, and this plaintiff's decedent, approaching said crossing from the west could not see a train approaching from the north until almost on said track, and then, by reason of the steepness, could not retreat up said hill or to one side. For the purpose of warning travelers on said highway of the approach of trains at said crossing, defendant, south of said highway and a short distance east of said railway, had erected a warning bell, from four to eight inches in

diameter, which was operated by electricity, and sufficiently large to give notice, when working, to any one of the approach of a train, which bell had been in operation and kept up by said defendant for more than two years previous to the commission of the acts complained of, and of which bell and its purposes said intestate had knowledge. When said bell was in working order the approach of trains for at least six hundred feet, and probably more, from said crossing would be indicated by the loud ringing of said bell, and travelers were thus warned of the approach of trains upon all occasions except the one herein complained of. On March 21, 1904, plaintiff's intestate, in a wagon to which two horses were hitched, was upon said highway west of said railroad track on his way from his farm west of the track to the city of Bedford, Indiana, east of said track, where he had business to transact, and where he was in the habit of going to transact business. Just as he reached said crossing the defendant negligently caused one of its locomotive engines, with a caboose attached, to approach said crossing at a great rate of speed and without proper care, and negligently omitted, while so approaching, to give any reasonable or proper warning or signal, as required by statute, by reason whereof, and by reason of the other acts of negligence herein set forth, said intestate was unaware of the approach of said train, and without any fault or negligence on his part said locomotive struck his said team and wagon on said crossing, throwing plaintiff's intestate from said wagon, breaking and demolishing it, and so injuring intestate that he died almost immediately thereafter and thereby. Said wagon was broken into pieces and the horses injured. The defendant was further negligent and careless in this, to wit: that it negligently permitted said warning bell and its mechanism to get out of repair, so that at said time and for several hours theretofore it was not in working order, and failed to warn the public and this intestate of the approach of trains and the

train in particular which struck intestate, which fact the defendant well knew, or by the exercise of ordinary care might have known, and which said intestate did not know. Said bell, as alleged, did not ring at the approach of said train which struck plaintiff's intestate, which said train was an extra train, consisting of engine and caboose, and which was not running on schedule time, but which on said day followed about twenty-five or thirty minutes behind the morning south-bound passenger-train. Plaintiff's intestate knew that said passenger-train had passed, and knew nothing of said extra. Defendant had been warned of the dangerous character of said crossing, and had failed to remedy the same. It had at least two years warning. The failure to ring said bell was an invitation to the public in general, and an invitation in particular to this plaintiff's intestate, to approach said track, and was assurance that there was no danger from approaching trains, and by such failure this plaintiff's intestate was lulled into a sense of security, and into believing that there was no danger. Said locomotive and caboose, as it approached said crossing, was going down a steep grade toward said crossing, and said engine was not working steam, and said train was moving in a noiseless manner, without blowing the whistle or ringing the bell as required by law. Plaintiff's intestate was an able-bodied man, seventy-two years of age, was industrious, and able to earn and did earn about $1,000 a year. Said wagon, so destroyed, was of the reasonable worth of $50. The damage to said horses was $50, etc.

The first objection urged against the complaint is that "it does not say that decedent exercised any care whatever when approaching and going upon the crossing—he did not look or listen." The complaint alleges that the decedent "was unaware of the approach of said train, and without any fault or negligence on his part said locomotive struck his said team and wagon on said crossing, throwing this plaintiff's intestate from said wagon," etc.

It is not now necessary in an action of this character to allege freedom from contributory negligence. Acts 1899, p. 59, §359a Burns 1901; *Nichols* v. *Baltimore, etc., R. Co.* (1904), 33 Ind. App. 229. But the foregoing averment is sufficient if it were still necessary to plead freedom from contributory negligence.

It is next urged against the complaint that it does not show, by way of averment, that the deceased went upon appellant's track at all. It does allege that "without any fault or negligence on his part said locomotive struck his said team and wagon on said crossing, throwing this plaintiff's decedent from said wagon, breaking and demolishing said wagon, and so mutilating and injuring said intestate that he died almost immediately thereafter and thereby." The statement that the locomotive struck his said team and wagon and threw him from the wagon is a sufficient allegation that the decedent had driven on the track.

Other objections to the complaint are that it does not aver that the decedent was unaware of the approach of the train when he went on the track, or at any time before he went on the track; that his ignorance is not connected with any time related to the accident; that it does not say that his being unaware of the train was caused by the failure to blow the whistle or ring the bell of the locomotive; that there is no connection shown between his condition of mind and the alleged failure to sound the signals; that there is no connection shown between the accident and the bell or its failure to ring; that there is no averment that decedent was misled by the failure of the crossing bell to ring, nor that had the bell at the crossing rung, he would have been warned of the approach of the train and not have driven upon the track into danger, nor that had any of the bells or whistles sounded he would have heard them, and would not have driven on the crossing.

The complaint alleges that he knew nothing of said extra which caused his death. In a few lines preceding said statement it is alleged that the warning bell did not ring at the approach of said train which struck plaintiff's intestate, thus connecting the ignorance of the decedent of the approach of the train with the time of the accident. The complaint further alleges that the decedent was unaware of the approach of the train because of the failure to blow the whistle or to ring the bell, "and just as he reached said crossing it carelessly and negligently caused one of its locomotives, with a caboose attached, to approach said crossing,   *   *   *   by reason whereof and by reason of said acts of negligence herein set forth said intestate, George Corps, was unaware of the approach of said train," etc.; "that its [the crossing bell's] failure so to ring was an invitation to the public in general, and an invitation in particular to this plaintiff's intestate, to approach said track, and was assurance that there was no danger from approaching trains, and that thereby plaintiff's intestate was lulled into a sense of security, and into believing that there was no danger."

The demurrer was properly overruled.

"Appellant, in the construction of its railroad, having intersected an established highway, it became its imperative statutory duty to restore the highway thus intersected, to its former state, or in a sufficient manner not unnecessarily to impair its usefulness, and in such manner as to afford security for life and property." *Chicago, etc., R. Co.* v. *Leachman* (1903), 161 Ind. 512. And see *Chicago, etc., R. Co.* v. *State, ex rel.* (1902), 158 Ind. 189; §5153 Burns 1901, §3903 R. S. 1881.

This duty is averred in the complaint to have been neglected by the appellant, by failing to cut back into the hill a sufficient distance to enable the traveler to stop before reaching the crossing, and by permitting an embankment to remain at the north of said high-

way, thereby obstructing the view of approaching trains. In the case of *Chicago, etc., R. Co.* v. *Leachman, supra,* injuries were suffered by a traveler whose team and wagon went over an embankment leading to a railroad track. In the case at bar the injuries complained of were alleged to have been caused by a railroad track's crossing a highway below the grade, to which objection is made as aforesaid. The plaintiff's right to recover for injuries, of which the violation of such statutory duty was the proximate cause, is no different, because of the fact that the movement of the passing train contributed to such injury, from what it would be had he driven off of an embankment. *Lake Shore, etc., R. Co.* v. *McIntosh* (1895), 140 Ind. 261.

Appellant had, prior to the accident, erected an electric alarm bell, by which notice of approaching trains was automatically given. This apparatus was out of repair, and did not ring for the train by which decedent was killed. It is shown that he was familiar with the crossing. There is evidence tending to show that he did not stop as he approached it, although, in view of the presumption, in the absence of evidence of the fragmentary character of that produced upon the subject, and the verdict with its implications, this can not be regarded as an established fact. The decedent was not compelled to abandon travel upon the public highway although he knew its dangerous condition, but had a right to use it if the defect was not one which rendered it obvious to a person of ordinary understanding that it could not be encountered without injury. *Chicago, etc., R. Co.* v. *Leachman, supra.* If in the use of such highway he exercised the care of a reasonable and prudent person, under the circumstances he was not guilty of contributory negligence. *Chicago, etc., R.* v. *Leachman, supra.* It is manifest that his conduct can not be determined by mere reference to his failure to see or hear and avoid the approaching train, which may have been somewhat obscured. Having once entered upon the

descending road, his conduct as to stopping must be considered in connection with the difficulties of so, doing, so that whether he exercised due care was a question upon which no one but the jury is competent to pass. We can not say, as a matter of law, that he had a right to rely upon the automatic bell, and that its failure to ring· is conclusive of due care on his part. The fact that such a bell had been provided, decedent's knowledge of and reliance thereon, were relevant facts, the weight of which was for the jury in connection with the other circumstances and proof. Decedent had an undoubted right to rely, to some extent, upon the signal's being given in accordance with the custom; but whether, in spite of its omission, he learned or ought to have learned of his danger, is a mixed question of law and fact.

In the third instruction given at the request of appellee, the jury were told that if the automatic bell did not sound, appellant's decedent had a right to presume that the

9.   way was clear.    In this the court erred.    Such failure is not in itself sufficient to justify an indifference to other means of warning, but it is only a circumstance to be taken into consideration in determining whether due and proper care was exercised. *Cleveland, etc., R. Co.* v. *Heine* (1902), 28 Ind. App. 163; *Cleveland, etc., R. Co.* v. *Harrington* (1892), 131 Ind. 426; *Pennsylvania Co.* v. *Stegemeier* (1889), 118 Ind. 305, 10 Am. St. 136; *Baltimore, etc., R. Co.* v. *Conoyer* (1898), 149 Ind. 524; *Louisville, etc., R. Co.* v. *Williams* (1898), 20 Ind. App. 576; *Cleveland, etc., R. Co.* v. *Coffman* (1903), 30 Ind. App. 462. The instruction invaded the province of the jury, and therein exists a necessity for a reversal of the judgment.

Other questions argued will not likely arise upon a subsequent trial and will not, therefore, be further considered.

Judgment reversed and cause remanded, with instructions to sustain appellant's motion for a new trial, and for other proceedings not inconsistent herewith.