JAMES S. KIRK & CO.

*v.*

JOSEPH JAJKO.

*Opinion filed December 22, 1906.*

1. INSTRUCTIONS—*when objection to instruction is waived.* An objection to an instruction authorizing a recovery for the plaintiff if the jury believe he has proved his case as alleged in the declaration or some count thereof, based upon the alleged fact that there were counts in the declaration under which no recovery could be had, is waived where the defendant in several of its instructions treated the whole declaration as being before the jury.

2. SAME—*when instruction does not eliminate question of assumed risk.* An instruction in an action by a servant against the master for personal injury, which authorizes a recovery if the jury believe the plaintiff has proved his case as alleged in the declaration does not eliminate from the case the question of assumed risk, where the declaration states a good cause of action and negatives the assumption of risk by the plaintiff. (*Illinois Terra Cotta Lumber Co.* v. *Hanley,* 214 Ill. 243, distinguished.)

3. PLEADING—*when declaration negatives assumption of risk.* A declaration, in an action by a servant against the master, alleging that the plaintiff was ordered by defendant's foreman to perform work in a dangerous manner, without sufficient help to perform the work in safety, and that the plaintiff was ignorant of the danger attending the doing of the work without sufficient help, negatives the assumption of risk by the plaintiff.

SCOTT, C. J., and CARTWRIGHT and CARTER, JJ., dissenting.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

F. J. CANTY, and GEORGE C. PRESTON, (J. C. M. CLOW, of counsel,) for appellant.

F. W. JAROS, and DOUTHART & BRENDECKE, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by the appellee, against the appellant, in the superior court of Cook county to recover damages for a personal injury alleged to have been sustained by the appellee through the negligence of the appellant while in its employ. The declaration contained three counts. The general issue was filed, and upon a trial the jury returned a verdict in favor of the plaintiff for $3000, upon which the court, after overruling a motion for a new trial, rendered judgment, which judgment has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

The grounds of reversal urged in this court are the refusal of the court to take the case from the jury at the close of all the evidence, the giving to the jury of an improper instruction on behalf of the plaintiff, and the refusal to give an instruction to the jury offered on behalf of defendant.

At the close of the evidence for the plaintiff, and again at the close of all the evidence, defendant offered an instruction directing the jury to find it not guilty, and the refusal of the court to give such instruction is assigned as error.

The defendant was engaged in the manufacture of soap, and the injury complained of was received by plaintiff while he and three other employees of defendant were engaged in unloading casks of tallow from a box-car, which was to be used in defendant's soap factory. John Barry was foreman of the unloading crew. The car was filled with casks, and each cask weighed from fifteen hundred to sixteen hundred pounds, and was about four and one-half feet high and about four feet in diameter, and said casks stood in the car in such way that no space was left between them. The car door had been opened and skids placed on which to slide or roll the casks out when plaintiff was called by Barry to assist in unloading the car. Plaintiff, Barry and two other men proceeded to take out the first cask that stood near the car door. The method employed in unloading the first cask was to raise one side of the cask from the floor by means of a crow-bar; an iron roller four and one-half feet long and one and one-half to two inches in diameter was then placed under the cask; the cask was then so tilted that the weight was balanced upon the iron roller, and it was then moved forward to the door and placed upon the skids, when it was allowed to slide down to the ground. All four of the men participated in unloading the first cask. Thereafter Barry remained outside the car on the ground, while plaintiff and his two associates proceeded to unload another cask. The evidence tends to show that after the three men went into the car for the purpose of unloading the second cask the foreman directed the plaintiff and his associates to raise up the cask and put a block under the center of it, which appears to have been there for that purpose, with the direction to poise the cask on this block until the men could get out of danger and then allow it to tip over on its side. The block

used for this purpose was a piece of wood about a foot long, five or six inches wide and about four and one-half inches thick. After the cask had been placed on the block the foreman ordered Frank Barcella, an associate of appellee, to get up on the top of another cask and push with his feet against the one that was being moved while the plaintiff and Albert Groharski had hold of the cask pulling at it, in an effort to throw it down so that it could be rolled to the door and out of the car. The method of throwing the cask down was to push or pull it until one side of the chime of the cask would rest upon the floor while the opposite chime would be held six or eight inches above the floor by means of the block of wood, then by pushing or pulling the cask it would finally be brought to a position such that a slight force would hold it or throw it down. At the time of the accident plaintiff was standing very close to another cask and had only a small place in which to work. The cask that hurt him appears to have started over and to have come with such force that plaintiff and Groharski were unable to stop it, and it fell, striking plaintiff on the front of his body, inflicting serious injuries.

The declaration charged, in different counts, that the defendant ordered the plaintiff to perform the work in which he was engaged at the time he was injured, in a negligent and dangerous manner and without furnishing sufficient help to enable him to perform the work in the manner in which it was directed to be done, in safety. It appears that the first cask was moved by placing it upon an iron roller, which was of sufficient length to reach across the barrel, and that the second cask, by the express direction of the foreman, was moved by placing under the center of the cask the block, which was of such size and shape that the cask, unless firmly held, would be likely to swerve and fall sideways, and that the first cask was removed by four men in safety while the second was attempted to be moved by only three, with the result that it fell and appellee was injured. The cask was

very heavy, the place in which appellee was forced to work was very cramped, and when the cask started to fall, the appellee and Groharski were unable to prevent it from falling, and when it fell the appellee was unable to get out of its way and was caught by the falling cask and injured. We think the trial court properly left the questions of fact involved in the case to the jury. In other words, that it can not be said, as a matter of law, that under the plaintiff's evidence, when taken as true, together with all inferences which may legitimately be drawn therefrom, such evidence did not fairly tend to support the plaintiff's declaration in this: that the appellee was ordered to do the work in a dangerous manner and did not have furnished him a sufficient amount of help to enable him to perform the work in safety. *Swift & Co.* v. *Rutkowski,* 182 Ill. 18; *Graver Tank Works* v. *O'Donnell,* 191 id. 236; *Supple* v. *Agnew,* id. 439.

It is next contended that the court erred in giving the following instruction to the jury:

"The court instructs the jury that if they find, from the evidence and under the instructions of the court in this case, that the plaintiff has proved his case as alleged in the declaration, or some count thereof, by a preponderance of the evidence, then they should find the defendant guilty."

Instructions embodying the substance of the one here given have often been presented to this court for review. The same conclusion has not always been reached with respect to the propriety of giving such instructions, and there is therefore an apparent conflict in the cases on this subject. However, when the pleadings and proofs in each of these cases are critically examined, it will be found there is only an apparent conflict, which results from a discussion of the instruction in the light of the different cases in which the question has arisen.

The first objection urged against this instruction is, that it predicated a right of recovery upon proof by plaintiff of his case as alleged in the declaration or some count thereof.

Each of the three counts stated a cause of action, and none of them were withdrawn from the jury by direction of the trial court, or otherwise. This objection, we think, is disposed of adversely to appellant's contention in *Illinois Steel Co.* v. *Schymanowski,* 162 Ill. 447, and *Chicago and Eastern Illinois Railroad Co.* v. *Filler,* 195 id. 9. Furthermore, in several instructions given at the instance of appellant the whole declaration is treated as being before the jury. And even if the instruction were otherwise open to the criticism now being considered, defendant has waived its right to raise that objection. *North Chicago Street Railroad Co.* v. *Hutchinson,* 191 Ill. 104; *West Chicago Street Railroad Co.* v. *Buckley,* 200 id. 260.

The second objection urged against said instruction is, that it entirely eliminates the question of assumed risk from the case, and the case of *Illinois Terra Cotta Lumber Co.* v. *Hanley,* 214 Ill. 243, is cited and relied upon in support of this objection. The instruction condemned in the case last above cited was substantially in the form of the one given in this case, and it was held in that case erroneous for the reason that it ignored the question of assumed risk. There is, however, a very clear distinction between that case and the case at bar. In the first and second counts of the declaration in this case plaintiff averred ignorance of the dangers attending the method of unloading the cask and averred that he was acting under the order of the defendant at the time he was injured, while no such averment was found in the declaration in the *Hanley case.* In *North Chicago Street Railroad Co.* v. *Aufmann,* 221 Ill. 614, the same criticism was made upon an instruction similar in form to the one now under consideration. In that case the declaration averred the plaintiff was acting under the immediate direction of the defendant, and that the defendant negligently ordered the plaintiff to perform the work in which he was engaged at the time he was injured, and it was held that a servant performing dangerous work under the master's orders does not

assume the risk of injury incident to the work unless the danger is so imminent that no man of ordinary prudence would engage in the work, and the instruction was held, in view of these averments, to have been properly given. In the third count of the declaration it was averred that the plaintiff was ignorant of the danger attending the handling of said cask without more help while the defendant had knowledge of such danger. We think the averments of each count of the declaration in the case at bar clearly negatived the assumption of risk by plaintiff, and are therefore of the opinion that the giving of said instruction did not constitute reversible error.

It is also urged by the appellant that the court erred in declining to give to the jury its sixth offered instruction, which informed the jury that the only question for decision in the case was whether or not the defendant was guilty of negligence in not providing sufficient help to handle said cask. That instruction was based upon the contention that the court had by an oral remark, made while overruling the peremptory instruction, eliminated the first and second counts of the declaration from the consideration of the jury. The record, we think, when considered as a whole, shows that the case was submitted to the jury upon all the counts of the declaration, and not upon the third count alone. The proffered instruction was therefore properly refused.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

SCOTT, C. J., and CARTWRIGHT and CARTER, JJ., dissenting.