## Joseph A. Combs, Appellant, v. Baltimore & Ohio Southwestern Railroad Company, Appellee.

1. INSTRUCTIONS—*approved form as to proximate cause.* An instruction upon this subject as follows, approved:

"It is not sufficient to entitle the plaintiff to recover in this case, to show a negligent breach of duty on the part of the defendant, but it devolves upon the plaintiff to show further, that such breach of duty was the proximate or immediate or real cause of the injury to the plaintiff's property; that in no case can a recovery be had for a negligent breach of duty, unless the evidence shows that such negligent breach of duty was the proximate or immediate cause of the injury occurring."

2. INSTRUCTIONS—*when estoppel to complain arises.* A party cannot complain of an instruction identical in language with one which has been given at his own instance.

Action in case. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

HADLEY & WHEELER, for appellant.

KRAMER, KRAMER & CAMPBELL, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This is an action in case by appellant against appellee to recover the value of a team of horses, harness and wagon destroyed by appellee's train at a highway crossing. The first count of the amended declaration, upon which appellant relies in argument here, alleges, that the defendant, a railroad corporation, owned and operated a railroad running through the village of Caseyville, and across a public street or highway in said village; that the plaintiff owned a team of horses and wagon which had been loaned to one Frank Casey; that while Casey was driving the team upon the street and across the railroad, the defendant negligently ran a train at a high rate of speed over said crossing, striking the team, killing the horses and destroying the wagon and harness. The defend-

ant pleaded not guilty. The cause was tried by a jury, which returned a verdict for the defendant, upon which judgment was rendered, and plaintiff appealed.

It appears from the evidence that Long street, in the village of Caseyville, runs north and south and the railroad east and west. Appellant had loaned his team to Frank Casey, who, at the time of this accident, was in the wagon driving rapidly north on Long street toward the railroad crossing. He was standing up in the wagon driving the horses in a run. Witnesses who heard the train approaching, endeavored by shouting and signals to warn Casey before he reached the railroad, but not regarding the warning, and seemingly oblivious to the danger, he drove upon the crossing immediately in front of the train, which was running at the rate of sixty or sixty-five miles an hour. There was no sufficient obstruction to prevent Casey from seeing the approaching train ,in time to avert the accident, had he been on the look-out.

Whether the appellant was guilty of actionable negligence in running its train at a high and dangerous speed, as charged in the declaration, was, under the evidence in this case, a question of fact for the jury, and their verdict must be held conclusive and must stand unless there is prejudicial error in the record to justify a reversal of the judgment.

Appellant complains of appellee's third given instruction, which reads:

"It is not sufficient to entitle the plaintiff to recover in this case, to show a negligent breach of duty on the part of the defendant, but it devolves upon the plaintiff to show further, that such breach of duty was the proximate or immediate or real cause of the injury to the plaintiff's property; that in no case can a recovery be had for a negligent breach of duty, unless the evidence shows that such negligent breach of duty was the proximate or immediate cause of the injury occurring."

This we think was a correct statement of the law

and·applicable in this case, but were it otherwise, appellant may not complain for at his instance the court instructed the jury, in language almost identical, that if the negligence proved "was the proximate or immediate or real cause of the accident, then the mere fact that Casey may also have been negligent in driving upon the railroad tracks of the defendant, will not relieve the defendant of liability." Hefner v. Herron, 165 Ill. 242; Kirk & Co. v. Jajko, 224 Ill. 338. We find no harmful error in any other instructions upon the proposition of law, advanced by appellant, that appellee would not be relieved of liability by the contributory negligence of Casey, the driver of the team. That proposition is contested in argument here, but inasmuch as the judgment of the Circuit Court may be affirmed without a decision of the question thus raised, we do not deem it necessary to consider the argument and contentions regarding it, and we, therefore, expressly withhold any opinion as to the correctness of appellee's contention and the trial court's holding upon that proposition. The appellant had a fair trial upon the theory adopted, and the verdict of the jury was within the evidence submitted. The judgment will be affirmed.

*Affirmed.*