# TOLEDO, ST. LOUIS AND WESTERN RAILROAD COMPANY *v.* MILLER.

### [No. 6,487.   Filed June 30, 1909.]

1. PLEADING.—*Complaint.—Master and Servant.—Railroads.—Contributory Negligence.*—A complaint alleging that the plaintiff was engaged in unloading a car of coal for a consignee, that the defendant railroad company knowing of the plaintiff's position negligently struck his car, injuring him, is sufficient as against the contention that he should have alleged that he had no knowledge that his car was about to be moved, such fact being an element of contributory negligence to be shown by the defendant. p. 229.

2. TRIAL.—*Instructions.—Railroads.—Issues.—References to Complaint.*—An instruction that "the plaintiff seeks to recover from the defendant * * * damages, alleged to have been sustained by reason of the * * * negligence of defendant in running a car with great violence against another one, * * * while plaintiff was in said car helping to unload same," and that "the circumstances under which the alleged injury was inflicted, the manner in which it was alleged to have been inflicted, and the nature and extent of the alleged injuries are more fully set out in the complaint," is not bad for failing to state the issues, or the facts necessary to a recovery, the material issues being stated in other instructions.   pp. 230, 232.

3. TRIAL.—*Instructions.—Requisites.*—While the court should outline to the jury the issues in a case, still this may be done by the giving of general instructions, either party being authorized to request special instructions which the court must give or refuse. p. 231.

4. TRIAL.—*Instructions.—References to Complaint.*—An instruction that the burden is upon the plaintiff to prove all the material allegations of his complaint, must be considered in view of the law that the pleadings are, in contemplation of law, always before the jury.   p. 231.

5. TRIAL.— *Instructions.— Omissions.*— Instructions purporting to state all of the material averments of a complaint are erroneous if one such averment is omitted.   p. 231.

6. TRIAL.—*Instructions.—Partial.*—Instructions that are partial, but which are correct so far as they go, are not erroneous.   pp. 232, 237.

7. TRIAL.—*Instructions.—Contributory Negligence.*—An instruction that if the plaintiff's "contributory negligence caused his injury, that will defeat his right to recover in this action; but * * *

it is not necessary for the plaintiff in such action to allege or prove the want of contributory negligence on the part of the plaintiff," and that "contributory negligence on the part of the plaintiff shall be a matter of defense, and such defense may be proved under the answer of general denial," is not erroneous.  p. 232.

8.  TRIAL.—*Instructions.—Railroads.—Moving Cars Which Were Being Unloaded.*—An instruction that if defendant railroad company, while the plaintiff was unloading a car of coal for a consignee, knew of such unloading, or should have known thereof, then the defendant "had no right, while switching cars in the vicinity of said car to be so unloaded, to run another car so as violently and suddenly to move the same in such a manner as might reasonably be expected to cause injury to the plaintiff, without notice or warning to the plaintiff," is not misleading on the ground that it assumes material facts as proved, where other instructions left the facts to the jury.  p. 234.

9.  TRIAL.—*Instructions.—Railroads.—Moving Cars While Being Unloaded.*—An instruction that if the plaintiff was engaged in unloading a coal-car for a consignee, and a freight-train passed on the main track, "this mere knowledge would not be notice to him [plaintiff] that such train would be run in on said switch, and the cars thereof run against the car in which he was working, and did not impose upon him the duty to keep a special watch on the movements of said train, but he had a right to rely upon the performance by defendant of its duty to protect him from danger," is correct.  p. 235.

10.  TRIAL.—*Instructions.—Duplication.—Railroads.*—It is not erroneous to refuse an instruction that if defendant had no notice of plaintiff's situation in unloading a car of coal for a consignee, and no reason to know thereof, it would not be liable for injuring him, where another instruction informed the jury that in the absence of knowing, or of a duty of knowing, the plaintiff's situation, he could not recover.  p. 237.

From Howard Superior Court; *P. H. Elliott,* Judge.

Action by Albert N. Miller against the Toledo, St. Louis and Western Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Guenther & Clark, Clarence Brown* and *Charles A. Schmettau,* for appellant.

*W. C. Overton* and *Earl B. Barnes,* for appellee.

MYERS, J.—Appellee on December 20, 1905, was in the employ of Ellis Brothers, and while thus employed was en-

gaged in unloading coal from a car, which, for the purpose of being unloaded, had been placed by appellant upon its open track alongside the coal shed and bins of said Ellis Brothers; that appellee's position in the car was such that he could not and did not see nor hear appellant while switching cars on said switch, all of which was known to the appellant; that, while he was so engaged, appellant negligently ran a train of cars against the coal-car in which appellee was working, whereby it was greatly jarred and caused suddenly to start and run past a post, which appellant had negligently permitted to remain standing at a point where it would and did come in contact with the side of said coal-car when the same was run past it; that the severity of the jar and sudden motion of said car caused the appellee to be thrown down with great violence, and great quantities of coal to be thrown upon him; that in falling he caught his left hand on the side of the car to break his fall, and to free himself from the falling coal, and while thus holding on to the car it ran against said post, and the side thereof scraped against the side of said post, thereby, and without any fault on appellee's part, crushing and tearing the flesh from the fingers of his said hand, greatly injuring the tendons, muscles and ligaments thereof. On account of said injury he brought this action to recover damages. Upon the issues formed by an answer in general denial to the complaint, the jury returned a verdict in favor of appellee for $650, and judgment was rendered for appellee and against appellant for that amount.

The overruling of a demurrer for want of facts to the complaint is assigned as error.

Under this assignment the appellant insists that the complaint was defective for failing to allege that the appellee "had no knowledge that the car on which he was working was about to be moved, or that a train was about to come upon the side-track, and would be likely to move his car."

The allegations of the complaint are imperfect, and do not cover the objection urged by appellant as well as good pleading requires if this were an action between master and servant involving the question of assumed risk; but as appellee was not in the employ of appellant, the question as to his knowledge of his danger was one properly to be considered only as supporting a defense on the ground of contributory negligence. Under the statute (Acts 1899, p. 58, §362 Burns 1908), when the action is one for causing personal injuries, as alleged in the complaint before us, the plaintiff is not required to allege the want of contributory negligence. *Indiana, etc., Oil Co.* v. *O'Brien* (1903), 160 Ind. 266; *Bowles* v. *Indiana R. Co.* (1901), 27 Ind. App. 672; *Southern Ind. R. Co.* v. *Corps* (1906), 37 Ind. App. 586; *Chicago, etc., R. Co.* v. *Stephenson* (1904), 33 Ind. App. 95. The complaint was sufficient.

Appellant's motion for a new trial was overruled, and this action of the court is assigned as error. Under this assignment certain instructions given and one instruction asked for by appellant and refused, are earnestly discussed by counsel.

Our attention is called to the first instruction given at appellee's request, wherein the jury was told that "in this action the plaintiff seeks to recover from the defendant, a corporation, damages, alleged to have been sustained by plaintiff by reason of the carelessness and negligence of defendant in running a car with great violence against another one of defendant's cars, while the same was standing on a switch of defendant's track, loaded with coal, for the purpose of being unloaded into the bins of Ellis Brothers, and while plaintiff was in said car helping to unload the same. The circumstances under which the alleged injury was inflicted, the manner in which it was alleged to have been inflicted, and the nature and extent of the alleged injuries are more fully set out in the complaint."

The objection urged against this instruction is that it does not inform the jury as to the issues and facts necessary for

the appellee to prove in order to entitle him to recover. It is true the trial court should state to the jury the issues they are called upon to try, but our civil code requires only that "the court shall give general instructions to the jury, which shall be in writing." It also authorizes either party to request special instructions, which the trial court must give or refuse. §558 Burns 1908, §533 R. S. 1881.

In this case the complaint, which was necessarily lengthy, was not set out in form or substance in any instruction given or requested, but in one of the instructions, given at the request of the appellant, it was stated that the burden was on the plaintiff to prove all the material allegations of his complaint by a fair preponderance of the evidence. The reference thus made to the complaint in the instruction must be taken in connection with the ruling that the "pleadings are, in contemplation of law, always before the jury." *Clouser* v. *Ruckman* (1886), 104 Ind. 588.

In *Kirk & Co.* v. *Jajko* (1906), 224 Ill. 338, 79 N. E. 577, by an instruction the jury were told that if they found "from the evidence and under the instructions of the court in this case, that the plaintiff has proved his case as alleged in the declaration, or some count thereof, by a preponderance of the evidence, then they should find the defendant guilty." This instruction was approved. It was also said by the same court that "in several instructions given at the instance of appellant the whole declaration is treated as being before the jury. And even if the instruction were otherwise open to the criticism now being considered, defendant has waived its right to raise that objection."

In *New Castle Bridge Co.* v. *Doty* (1907), 168 Ind. 259, complaint was made by counsel of an instruction, because it informed the jury that the plaintiff might recover, if he had proved by a fair preponderance of the evidence, the material allegations of one or both paragraphs of the complaint. It is claimed that the instruction

was bad because it did not set forth what constituted the material allegations of the complaint. It was held that the objection was not tenable. "It is not erroneous," said the court, "to express an instruction in general terms, if the expressions employed are correct within their own limitation. It is only when an instruction purports to state specifically all the material averments of a pleading that it becomes erroneous to leave one or more of such averments unstated. The rule is well settled, that when an instruction is good as far as it goes, but fails to cover all the details as fully and specifically as might have been done, the omission of details cannot be treated as error unless the party complaining prepared, and, at the proper time, requested the court to give a more specific charge." See *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489.

The material questions at issue were presented in the course of the instructions given at the instance of the parties, and upon the court's own motion. Under the authorities cited the court did not err in giving the instruction.

In the fifth instruction asked by the appellee and given, it was stated, that if the appellee's "contributory negligence caused his injury, that will defeat his right to recover in this action; but it is the law in this State that in an action for damages, brought on account of the alleged negligence of any person or corporation for causing personal injury, it is not necessary for the plaintiff in such action to allege or prove the want of contributory negligence on the part of the plaintiff. Contributory negligence on the part of the plaintiff shall be a matter of defense, and such defense may be proved under the answer of general denial."

It is suggested, on behalf of the appellant, that it is not necessary in such an action that proof of contributory negligence be made by the evidence introduced by the defendant, but that it is the duty of the jury to consider the facts in evidence relating to the question of contributory negligence,

whether testified to by the witnesses of the plaintiff or of the defendant, and that therefore the instruction was misleading. If the instructions of the court in such a case be such as to create the impression in the minds of the jury that contributory negligence must be proved by the evidence of the defendant alone, there will be substantial error. *Pittsburgh, etc., R. Co.* v. *Collins* (1904), 163 Ind. 569; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247. The portion of the instruction here in question, to which objection is urged, was substantially in the language of the statute. It cannot be said that it was not a correct statement of the law.

In *Chicago, etc., R. Co.* v. *Vandenberg* (1905), 164 Ind. 470, 488, it was said: "It appears that the court in its charge informed the jury that the burden of proving contributory negligence against plaintiff rested on appellant. This, under the provisions of §359a Burns 1901, Acts 1899, p. 58, was correct."

In *M. S. Huey Co.* v. *Johnston, supra,* an instruction was held not erroneous which contained a statement that, under the laws of this State, "it is not necessary for the plaintiff to allege or prove the want of contributory negligence on the part of the plaintiff; but the burden of establishing such contributory negligence on the part of the plaintiff rests on the defendant, and the same must be established by the defendant by a fair preponderance of the evidence."

In *Town of Winamac* v. *Stout* (1905), 165 Ind. 365, it is said: "The mere fact that the court instructs the jury that the defendant is permitted to prove contributory negligence under the general denial, or states that the burden of proving that the plaintiff proximately contributed to the injury is upon the defendant, is nothing more in practical effect, than a reaffirmation of the provisions of the statute, and may be given by the court without error." The doctrine thus announced is supported by other cases. *Cleveland, etc., R. Co.* v. *Miles* (1904), 162 Ind. 646; *New Castle Bridge Co.* v. *Doty, supra; Louisville, etc., Traction Co.* v. *Short* (1908),

41 Ind. App. 570. There was no error in the fifth instruction.

The sixth instruction was as follows: ''If you believe from the evidence that the defendant, at the time of the alleged injury complained of, was a common carrier of freight and passengers, and had placed a car loaded with coal on one of its switches alongside the coal bins of Ellis Brothers to be unloaded into said bins, as alleged in the complaint, and that at said time the plaintiff, with the express or implied consent of the defendant, was engaged in unloading said coal from said car in said bins for Ellis Brothers, and that defendant knew, or by the exercise of reasonable care ought to have known or could have learned, that he was so unloading said car; then I instruct you that the defendant had no right, while switching cars in the vicinity of said car to be so unloaded, to run another car so as violently and suddenly to move the same in such a manner as might reasonably be expected to cause injury to the plaintiff, without notice or warning to the plaintiff, while engaged in so unloading said car.'' It is claimed that this instruction was erroneous, because it assumed the controverted facts that the car was moved violently and suddenly in such a manner as might reasonably be expected to cause injury to the appellee, and that such movement was made without notice or warning to the appellee. The instruction would have been in more exact form if the latter portions of it had been stated hypothetically, as matters to be determined upon the evidence, yet it must be said that when the instruction is considered in connection with the other instructions given, it cannot reasonably be supposed that the jury would fail to regard the existence or nonexistence of such facts as matters to be determined by them upon the evidence.

In other instructions the jury were told that the burden of proving all the material allegations of the complaint by a fair preponderance of the evidence was placed upon the appellee; that the jury were the exclusive judges of the evidence

and the credibility of witnesses; that in determining any question of fact presented in the case, the jury would be governed solely by the evidence introduced before them, and that they had no right to indulge in speculation, conjectures or inferences. We think the jury would understand the instruction as a statement of the law and not as a statement of a fact to be taken as true without regard to their right to determine the fact upon the evidence. See *Van Camp etc., Iron Co.* v. *O'Brien* (1902), 28 Ind. App. 152; *Archibald* v. *Harvey* (1899), 23 Ind. App. 30.

Complaint is made of instruction eight.

The spur-track where the coal-car, an open gondola car, was standing, was about one hundred feet north of the main track. The entrance to the spur was more than six hundred feet west of the coal-car. Between the spur and the main track stood the passenger station, immediately south of the coal-car, and a freight-house about two hundred feet west of the passenger station. Immediately west of this open coal-car stood a closed car, from which coal was being unloaded into a wagon by a person not connected with the appellee, and another wagon which was also to be filled from the closed car was standing next to the open coal-car. The appellee, in the course of unloading, had removed coal on the north side of the car down to the floor of the car, and he was in this place with coal on three sides of him. Two other men in the employ of Ellis Brothers were on top of the coal engaged in unloading it. The local freight-train, from which the engine and a part of the train backed in upon the spur, and caused the collision complained of, came from the east, and afterward proceeded westward.

The eighth instruction was as follows: "If you believe from the evidence that plaintiff was at the time engaged in unloading coal from a car, placed by defendant on the switch alongside the coal bins of Ellis Brothers for the purpose, under the circumstances and in the manner described in the complaint, and that plaintiff, while so

engaged, knew that a freight-train had arrived and passed on the main track by the car in which he was so engaged, this mere knowledge would not be notice to him that such train would be run in on said switch, and the cars thereof run against the car in which he was working, and did not impose upon him the duty to keep a special watch on the movements of said train, but he had a right to rely upon the performance by defendant of its duty to protect him from danger.''

It is claimed on behalf of the appellant that this instruction was prejudicial to it, because of the appellee's knowledge that it was the usual practice for this train to go upon the switch and move cars. The instruction appears to have been framed with reference to a statement of this court in the case of *Toledo, etc., R. Co.* v. *Hauck* (1893), 8 Ind. App. 367, 375, an action for personal injury to a woman engaged in storing her goods in a box-car placed at her disposal upon a side-track. It was there said: ''There was an implied agreement that the appellant would protect her from all approaching trains, and that she should not be molested or endangered in her person or property by any act of the appellant or its servants. The mere knowledge of the fact that a freight-train had arrived and passed the box-car on the main track was no notice to her that such train would enter the side-track and endanger her safety by being pushed violently against the car in which she was lawfully engaged in her work of putting away the goods. She was not bound, under such circumstances, to leave the car and watch the movements of the freight-train.'' The instruction in question undertook to inform the jury that the one definite circumstance mentioned in it would not constitute by itself notice of a certain other later event. It was correct as far as it professed to go. The effect of other circumstances as notice, and hence, as matters bearing upon the question of contributory negligence, could be stated in another instruction, if desired by the appellant. The court not only told

the jury that the plaintiff's contributory negligence would defeat his right to recover, but also stated that every one is bound to use ordinary care, which, it was stated, is that degree of care which a person of ordinary prudence is presumed to use, under the particular circumstance, to avoid injury, and should be in proportion to the danger to be avoided and the fatal consequence involved in its neglect; that if the jury believed from the evidence that, under the circumstances and situation in which the appellee was at the time of the accident, a man reasonably prudent and careful for his own safety would have been on the lookout for the switching train, and would have made his presence in the car known to the train crew, so that they might protect him, and that he did not do this, he could not recover.

In *New Castle Bridge Co.* v. *Doty, supra*, it is said that the rule is well settled that when an instruction is good as far as it goes, but fails to cover all the details as fully and specifically as might have been done, the omission cannot be treated as error, unless the party complaining requested a more specific charge. See, also, *Board, etc.*, v. *Legg* (1887), 110 Ind. 479, 485; *New York, etc., R. Co.* v. *Flynn* (1908), 41 Ind. App. 501; *Cincinnati, etc., R. Co.* v. *Smock* (1893), 133 Ind. 411.

The appellant complains of the refusal of the court to give its offered instruction ten, which is as follows: ''If you find from the evidence that the defendant did not know that the plaintiff was in the car at the time the accident occurred, and that defendant had no reason to believe that any one was then in said car, then, in that event, there can be no recovery in this case, and your verdict should be for the defendant.''

As we have seen, the court in instruction six made it one of the conditions to the plaintiff's right to recover, that the defendant knew, or by the exercise of reasonable care ought to have known, or could have learned, that the plaintiff was unloading the car. The court, of its own motion, gave an

instruction whereby it modified the instruction so refused, so as to read as follows: "If you find from the evidence that the defendant did not know that the plaintiff was in the car at the time the accident occurred, and that defendant had no reason to believe that any one was then in said car, if, in the exercise of reasonable and ordinary care by defendant to ascertain such fact, plaintiff was injured, then there could be no recovery in this case, and your verdict should be for the defendant." It may be said that the modification was not clearly worded, yet the meaning could not be mistaken, and it was not erroneous to insert such an intimation of the obligation of the appellant to exercise diligence to ascertain the presence of the appellee.

The sufficiency of the evidence is questioned, but we find that it supported the cause of action in such manner that it was within the province of the jury to render the verdict which it returned.

Judgment affirmed.